ESTELLE GARRIGUES VANHILLE *v.* HER HUSBAND and others.

Neither the wife with her legal mortgage and privilege on the property of her husband, nor any other person holding a general or special mortgage, though entitled to be paid by preference out of the proceeds, can prevent an inferior mortgagee from causing the property subject to his mortgage to be sold. C. C. 3245, 3249. C. P. 710, 713, 714, 715. Under arts. 396, 401 and 403 of the Code of Practice, a third person may oppose the payment of the price to the seizing creditor, when he claims a preference on the proceeds, and the court may order the amount to be retained by the Sheriff subject to its order.

A wife cannot claim the proceeds of property sold at the suit of a creditor of her husband, or exercise her action of mortgage against property in the hands of a third person, if the latter prove that there is other property subject to her lien in possession of the husband, or since sold, which she is bound to discuss.

APPEAL from the District Court of St. Landry, *Campbell,* J. *Swayzé* and *Taylor,* for the appellant.

*T. H.* and *W. B. Lewis* and *J. E. Morse,* for the defendants.

SIMON, J. The only question which this case presents is, whether a married woman who sues her husband for a separation of property, can sue out an injunction to arrest the sale of property seized by the husband's creditors, upon which she claims to have a legal mortgage and privilege as a security for her dotal rights ?

In this action, the plaintiff obtained an injunction which had the effect of preventing the sale of real property, seized by the husband's creditors. Those creditors were made parties defendant, and on their motion to dissolve the injunction, on the ground that it had been wrongfully and improperly sued out, the court below dissolved it ; and from this judgment, the plaintiff has appealed.

It cannot be doubted, that a married woman, who, by virtue of arts. 2355 and 3287 of the Civil Code, has a legal mortgage on the property of her husband, and by virtue of arts. 3158 and 3182, has a privilege upon his personal effects, has no greater rights than any other person in whose favor the law grants a tacit and general mortgage and privilege. She can only enforce her rights in the manner pointed out by law ; and the exercise of those rights cannot prejudice those which third persons have acquired, or may acquire, against the property of her husband, provided they do nothing to deprive her of, or in any manner to affect the

remedy to which she is entitled to resort for the recovery of her claims.    A mortgage is a right granted to the creditor over the property of his debtor for the security of his debt, and permits him to have the property seized and sold, in default of payment. Civil Code, art. 3245.    It is a legal right on the property, which can be followed into whatever hands the property passes; (Ib. art. 3249 ;) and the rank in which mortgages stand, with respect to each other, so as to be satisfied out of the proceeds of the sale of the property subject to them, is a subject too well understood to doubt that the law ever intended, that one creditor should be allowed to prevent another from exercising his rights upon the property of his debtor, by a sale thereof, although he should have a right to be paid by preference out of the proceeds thereof.    Thus, in the case of *Casson* v. *The Louisiana State Bank*, 7 Mart. N. S. 281, this court held, that a party possessing a mortgage on property, has no right to prevent one having an inferior mortgage on the same property, from causing it to be sold.    This is founded upon the principle, that a sale on execution does not extinguish pre-existing liens, entitled to a preference over the claim of the creditor, at whose suit the property is sold.    4 Mart. 398.

Now, a married woman who has a general mortgage upon the property of her husband, would perhaps have a right to be paid out of the proceeds of the sale thereof, in preference to any other subsequent creditor ; but, as this court said in the case of *Gasquet* v. *Dimitry*, 9 La. 588, she cannot claim the proceeds of the sale of property sold at the suit of one of her husband's creditors, or exercise her action of mortgage against the property in the hands of a third person, if there be other property subject to her lien in the possession of the husband, or sold since, which she is bound to discuss.

Our law has provided for the sale of property subject to a general mortgage ; and it is clear, that the existence of such a mortgage cannot prevent a sale of the property seized.    Code of Practice, arts. 710, 713, 714, 715.

Under arts. 396, 401 and 403 of the Code of Practice, a third person may make opposition to the price being paid over to the seizing creditor, and may claim to regulate the effect of the seizure in what relates to him, when he contends, that he has a right

of preference on the proceeds of the thing seized and sold.　In such a case, the court may direct the Sheriff to retain in his hands, subject to its further order, the proceeds of the sale.　But the law has no where permitted a mortgage creditor, or any other, to arrest the sale of the property seized, when the opposition is founded upon a mere right of preference upon its proceeds. This should be regulated after the sale, and not before ; and even in a case like this, the plaintiff could not sustain her opposition, if the seizing creditor prove that the defendant has other property of sufficient value to satisfy the claim of the third opponent. Code of Practice, art. 403.

With this view of the question, it seems to us clear, that the injunction was wrongfully sued out.

*Judgment affirmed.*