### Amelina Gil v. William Gil, Her Husband, and others.

Neither a married woman, though entitled, in virtue of her general mortgage on the property of her husband, to be paid out of the proceeds in preference to any subsequent creditor, nor any mortgage or other creditor, can arrest the sale of property seized under execution, on the mere ground of having a preference upon its proceeds. Under arts. 396, 401 and 403 of the Code of Practice, a third person may oppose the payment of the price to the seizing creditor, and may claim to have the effect of the seizure regulated as it relates to him, when he asserts a preference on the proceeds of the things seized and sold; and the court may order the amount to be retained by the sheriff, subject to its order. In such a case the sheriff may be enjoined from paying the proceeds to the seizing creditor.

The 6th sec. of art. 298 of the Code of Practice was intended to enable the wife to prevent the husband, pending a suit for a separation of property, from disposing of the property held in community, or on which she has a privilege for her dotal rights, to her prejudice. In such a case she may obtain an injunction against her husband; but, with regard to his creditors, her remedy, when she seeks only to exercise a right of preference, is pointed out by art. 300 of the same Code, and those under which her third opposition should be conducted.

Appeal from the District Court of East Baton Rouge, *Johnson*, J.

*Elam*, for the appellant.

*G. S. Lacey*, for the defendants.

Simon, J. This is an action instituted by a married woman against her husband, for a separation of property. She prays, in her petition, that judgment be rendered in her favor against her said husband, for the sum of $5000, as the amount of her dowry, with a decree recognizing her legal mortgage on the property described in the petition, to take effect from the 10th of December, 1828, (the date of the marriage contract); and that an injunction may be ordered, restraining the sheriff and her husband's seizing creditors from any further proceedings in the sale of the property by them seized, until the further order of the court; that they be cited accordingly; and that the injunction be made perpetual, &c.

The writ of injunction was issued, whereupon the creditors filed their written motion to dissolve it, with interest and damages, averring that, by her own showing, admitting the facts stated by her to be true, she has no right to enjoin the sale of the property seized by the respondents.

On this motion a judgment was rendered by the court *a qua*, dissolving the injunction complained of; and further ordering, that the proceeds of the sale mentioned in the plaintiff's petition, be retained in the hands of the sheriff, until further order ; and from this judgment, after a vain attempt to obtain a new trial, the plaintiff has appealed.

This case cannot be distinguished from those of *Vanlille* v. *Her Husband et al.*, and *Flaujac* v. *Her Husband et al.*, reported in 5 Rob., 496, 498, in which, recognizing the principle, that a married woman who has a general mortgage upon the property of her husband would have a right to be paid out of the proceeds of the sale thereof, in preference to any other subsequent creditor, we held, " that under arts. 396, 401, and 403 of the Code of Practice, a third person may make opposition to the price being paid over to the seizing creditor, and may claim to regulate the effect of the seizure in what relates to him, when he contends that he has a right of preference on the proceeds of the thing seized and sold." We said, " that in such a case, the court may direct the sheriff to retain in his hands, subject to its further order, the proceeds of the sale ; but that the law has no where permitted a mortgage creditor, or any other, to arrest the sale of the property seized, when the opposition is founded upon a mere right of preference upon its proceeds." See also the Code of Practice, art. 300, which provides that, in such cases, the sheriff may be enjoined from paying to the seizing creditor the proceeds of the property seized, &c. We have been unable to discover any reason to be dissatisfied with our former decisions ; nor can we agree with the appellant's cousel, in his position, that the injunction sued out in this case was properly granted under sec. 6 of art. 298 of the Code of Practice, which he invokes. This article provides for a different class of cases, and has for its object to enable the wife to prevent the husband, during the pendency of the suit for a separation of property, from disposing, to her prejudice, of the property either held in community, or on which she has a privilege for her dotal rights. In such cases she is entitled to obtain a writ of injunction against her husband ; but with regard to his creditors, her remedy, when she seeks only to exercise a right of preference, is

pointed out by art. 300, already quoted, and those under which her third opposition should be conducted and regulated.

*Judgment affirmed.*