## FISHER *v.* GORDY et al.

The profits of all the effects of which the husband has the administration, and all the estates which either spouse may purchase during the marriage, though the purchase be only in the name of one of them, are considered by law to belong to the community, and are liable for the debts of the husband whether contracted before or during the marriage. C. C. 493, 2371. To establish a title in the wife, in her separate right, to property purchased under such circumstances, she must show that the price was paid with paraphernal funds of which she had the administration.

One who claims a privilege on a crop for the wages of her slaves employed in producing it, must assert it by way of third opposition; it is no ground for enjoining the sale of the crop.

APPEAL from the District Court of St. Martin, *Overton*, J. *Heard*, for the plaintiff. *Maskell*, for the appellants. The judgment of the court was pronounced by

KING, J. The plaintiff has enjoined the execution of two writs of *fieri facias*,

directed against her husband, *Daniel Fisher*, in virtue of which she alleges that a quantity of sugar, the product of her separate property, has been seized. The injunction was sustained for one-half of the sugar levied upon, and for the other half dissolved. From that judgment the defendants have appealed.

It appears from the evidence that the plaintiff, at a sheriff's sale of her husband's property, became the purchaser of a tract of land and two slaves, and that, at the time of her marriage, she owned several other slaves. The sugar seized under the writs enjoined was the product of the land and slaves of which she thus claims the ownership. At the date of the adjudication to the plaintiff she had been separated in property from her husband, but shortly after instituted a suit claiming a separate administration, which was pending during the time that the sugar was produced and at the date of the seizure. The judgments under which the levies were made, were for debts of the husband contracted prior to the marriage, and the question presented is, whether the whole, or any part, of the crop thus produced, could be seized in satisfaction of his debts. Our law considers the profits of all the effects of which the husband has the administration, and the estates which the husband and wife may acquire during the marriage, although the purchase of the latter be only in the name of one of the two, to belong to the community. C. C. 2371.

In addition to a title in her own name, it was incumbent on the plaintiff to show that the price of the land and slaves adjudicated was paid with her paraphernal funds of which she had the administration, in order to establish that she had been invested with title to them in her separate right. This proof has not been made. No circumstances have been shown which exclude the land and slaves adjudicated to her from the operation of the general rule, which renders that property common which is acquired by either of the married parties during the existence of the community. 17 La. 299. 1 Rob. 367. The husband appears to have retained the administration of the property thus acquired, and the wife could not have legally opposed his administration. The fruits which it yielded, although produced in part by the labor of the plaintiff's slaves, belonged to the community of which the husband was head, and were liable for the payment of his debts, whether contracted prior to or during the marriage. C. C. 493. If the plaintiff has a privilege upon the sugar for the labor of her slaves in producing it, that right must be exercised by means of a third opposition; it forms no ground for an injunction.

The judgment of the District Court is therefore reversed. It is further decreed that the injunction obtained by the plaintiff in this case be dissolved, and that the plaintiff and his surety be condemned, *in solido*, to pay to the defendants five per cent damages on the amounts of their respective judgments enjoined, reserving to the plaintiff her right of enforcing any claim she may have to reimbursement for the labor of her slaves in producing the sugar seized; the appellee to pay the costs of both courts.