## KOHNER *v.* ASHENAUER AND WIFE.

In suit to foreclose a mortgage executed by the husband to plaintiff, the wife may be made defendant, if she claim the premises as her separate property by virtue of a previous conveyance from the husband to her.

*Query:* Whether a complaint seeking to set aside a conveyance on an allegation that it was made voluntarily and without valuable consideration, and to hinder, delay, and defraud creditors, and particularly plaintiff, is demurrable, because of the generality of this allegation of fraud ; and what degree of particularity in the statement of facts and circumstances is required when a fraudulent conveyance is alleged to have been made.

Where in suit against husband and wife to foreclose a mortgage given by the husband, and also to set aside a conveyance of the property from him to her, for fraud, the inference from the language of the complaint is, that the conveyance was made in the ordinary form of a conveyance on purchase, and during marriage ; and the wife demurs on the ground that facts sufficient to constitute a cause of action against her are not set out, in this, to wit: that the facts and circumstances constituting the fraud are averred in general terms only ; and that there is a misjoinder of parties in making her a defendant:

*Held*, 1st, that if she claimed the premises as her separate property by virtue of the conveyance from her husband, that circumstance was sufficient to justify plaintiff in making her defendant; 2d, that it was immaterial whether the conveyance to the wife was made with or without a fraudulent intent; that in either case it is unavailing against the mortgage, because the inference from the language of the complaint that the conveyance was upon purchase and during marriage, and consequently, that the property was common property, is not negatived by any averment that the property was transferred to her before marriage, or was a gift to her, or in exchange for her separate property.

*Barker* v. *Koneman* (13 Cal. 10) commented on, and shown not to apply here. There the property conveyed to the trustee of the wife—and which the Court held might have been conveyed as a gift directly to her—was the separate property of the husband, who was free from debts and liabilities.

The husband, being free from debts and liabilities, may convey his separate property directly as a gift to his wife.

*Query:* Whether the husband can transfer common property to the wife by a direct conveyance to her.

If the husband can transfer common property to the wife by direct conveyance to her, it must be as a gift, he being at the time free from debts or liabilities, or in exchange for her separate property.

APPEAL from the Sixth District.

The facts are stated in the opinion of the Court.
Plaintiff appeals.

*Hereford & Long*, for Appellant.

I.   The demurrer being to a bill in equity, should have set forth specifically the grounds of demurrer.   (Story's Eq. Pl. sec. 455.)

II.   The complaint does set forth the facts sufficiently.   In suits to set aside a deed, the facts need only be stated generally.   (Story's Eq. Pl. secs. 28 and 252; *Chicot* v. *Lequesne*, 2 Vesey, Jr., 318.)

*Rayle & Hill*, for Respondent.

I.   The husband, being free from debt, had the legal capacity to convey the mortgaged premises, prior to the mortgage, to his wife; and the fee was in the wife at the time of the mortgage to the plaintiff.   (*Barker* v. *Koneman*, 13 Cal. 10.)   If, then, the transaction was unaffected by fraud, the judgment of the Court below must be affirmed.

II.   The complaint fails to state any facts constituting fraud as to the respondent, but merely states conclusions of law.   The rule

is settled that the facts and circumstances from which the fraud is inferred must be set forth. (*Harris* v. *Taylor et al.*, 15 Cal. 348; *Macey* v. *Kinder*, 7 Id. 206.)

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

This is an action for the foreclosure of a mortgage of certain real property, executed by the husband to secure his promissory note to the plaintiff, and to set aside a conveyance of the premises previously executed by him to his wife. The wife interposed a demurrer to the complaint, for want of a sufficient averment of facts to constitute a cause of action against her, and for misjoinder of parties by making her a defendant. This demurrer the Court sustained, with leave to the plaintiff to amend; and on his failing to accept of the leave thus extended, judgment final was rendered in her favor. From this judgment the appeal is taken.

The complaint is sufficient to support a decree for the foreclosure of the mortgage and a sale of the mortgaged premises, as against the husband; and if the wife claimed the premises as her separate property by virtue of a previous conveyance from him, that circumstance was sufficient to justify the plaintiff in making her a defendant. He may have regarded the claim as invalid, and yet have desired a judicial determination of its invalidity so as to relieve the sale for which he prayed from any embarrassment consequent upon its assertion. The complaint alleges that the conveyance was made to hinder, delay and defraud the creditors of the husband, and particularly the plaintiff, but does not state any facts and circumstances tending to sustain the charge, and the demurrer on the first ground was directed principally to the want of such statement. We do not, however, deem it important to consider whether the allegation was demurrable for its generality, or what degree of particularity in the statement of facts and circumstances is required when a fraudulent conveyance is charged to have been made. (But see Story's Eq. Pleads. sec. 28; and *Macey* v. *Kinder*, 7 Cal. 206.) In the view we take of this case it is of no consequence whether the conveyance was made with or without a fraudulent intent. In either view it was unavailing against the enforcement

of the mortgage.    It is not alleged that the conveyance was made previous to the marriage, or as a gift to the wife.    The inference from the language of the complaint is, that it was made in the ordinary form of a conveyance upon a purchase, and during the marriage ; and this inference is not negatived by any averment that the property was transferred before marriage, or as a gift to the wife, or in exchange for her separate property.    (See *Meyer* v. *Kinzer and Wife*, 12 Cal.)

The case of *Barker* v. *Koneman*, (13 Cal. 10) cited by the respondent, does not apply.    There the conveyance was executed by the husband to a trustee of the wife, in pursuance of an ante-nuptial contract, though the Court observed that it would have been equally valid if it had been made by way of settlement upon the wife without reference to the contract ; that the husband was at the time free from debts and liabilities ; that the property was his separate property, in which the wife possessed no interest, and over which he had the absolute power of disposition, and that he could have conveyed it as a gift directly to his wife without the intervention of a trustee.    These observations, though not necessarily called for by the matter before the Court, were germane to it, and we have no doubt of their correctness.    In the case at bar, the conveyance was not of any separate property of the husband, at least, the property cannot be thus considered upon the allegations of the complaint ; and it does not appear, as we have said, that the property was transferred as a gift, or in exchange for any separate property of the wife.    Unless transferred in this way, it continued subject to the disposition of the husband after the title was placed in her name, as it was previously.    He could subsequently convey it or mortgage it with the same effect as if the title had remained in his own name.    The conveyance in question, therefore, to the wife, in no respect affected the validity of the mortgage, or the right of the mortgagee to its enforcement by a sale of the premises. (See *Hemminway* v. *Mathews*, 10 Tex. 207 ; *Parker* v. *Chance*, 11 Tex. 513 ; *Wells et al.* v. *Cockrum*, 13 Tex. 127 ; *Chapman* v. *Allen*, 15 Tex. 278 ; *Claiborne* v. *Tanner*, 18 Tex. 69 ; *Smalley* v. *Lawrence*, 9 Rob. 211 ; *Ford* v. *Ford*, 1 La. 200 ; *Davidson* v. *Stewart*, 10 La. 146 ; *Fisher* v. *Gordy*, 2 La. Ann. 762 ;

*Prendegast* v. *Cassidy*, 8 Ann. 96 ; and *Andrew* v. *Brady*, 10 Ann. 606.)

To guard against misapprehension however, it is proper to observe that we do not intend to decide that it is competent for the husband to transfer common property to the wife by a direct conveyance to her, but simply that if such transfer can be made, it must be as a gift, he being at the time free from any debts or liabilities, or in exchange for separate property belonging to her.

The judgment must be reversed and the cause remanded for further proceedings, and it is so ordered.