[Sac. No. 1749.  In Bank. — November 29, 1901.]

MOSES  HAMILTON, Administrator, etc., Appellant,  v.
MARIA S. HUBBARD et al., Respondents.

HUSBAND AND WIFE — COMMUNITY AND SEPARATE PROPERTY — PRESUMP-
TION — GIFT FROM HUSBAND TO WIFE — CONVEYANCE BY THIRD PARTY:
— The presumption that property acquired by either spouse during
marriage is community property cannot apply where the transac-
tion was, in effect, a gift from the husband to the wife, and the con-
veyance was made to her with the husband's consent, by a third
party, in pursuance of the husband's agreement with the grantor
for an exchange of his separate property for the lot deeded by him.

ID. — PAYMENT OF CONSIDERATION — RESULTING TRUST NOT PRESUMED —
PRESUMPTION OF ADVANCEMENT OR GIFT. — The presumption of a
resulting trust in favor of one who advances the consideration for a
conveyance taken in the name of another, only applies between
strangers to each other, and does not apply where the conveyance is
to any person for whom the person paying the consideration is under
some natural, moral, or legal obligation to provide.  In such case,
the presumption is, that the purchase and conveyance was intended
to be an advancement or gift for the benefit of the nominal purchaser
or grantee.

ID. — FINDING AGAINST EVIDENCE. — A finding that property proved to
have been deeded to the wife by a third party, at the husband's re-
quest, in exchange for the separate property of the husband, con-
veyed to the grantors, is the community property of the husband
and wife, is against the evidence.

ID. — APPEAL — STALENESS OF DEMAND NOT SHOWN. — Where the com-
plaint does not show a stale demand, and there is nothing in the
findings or conclusions of the court to support such a defense, the
point that the plaintiff's demand is stale cannot be sustained upon
appeal.

APPEAL from a judgment of the Superior Court of San
Joaquin County and from an order denying a new trial.  G. W.
Nicol, Judge presiding.

The facts are stated in the opinion rendered in Department
Two.

A. H. Carpenter, for Appellant.

Budd & Thompson, and Louttit & Middlecoff, for Respond-
ents.

THE COURT.—Upon a careful reconsideration of this case we are convinced that there is no substantial conflict in the evidence, and that there is nothing to support the findings of the superior court to the effect that the lot in controversy, upon its conveyance to Mrs. Hamilton, became community property. The Department opinion will therefore stand.

The point is made in the petition for rehearing that the plaintiff's demand is stale. This position cannot be sustained. The complaint, on its face, does not show a stale demand, and there is nothing in the findings or conclusions of the superior court to support such a defense.

The judgment and order appealed from are reversed.

The following is the opinion above referred to, which was rendered in Department Two, May 29, 1901:—

SMITH, C.—The plaintiff is the administrator of Frances Hamilton, his deceased wife, to whom he was married May 22, 1867, and who died March 29, 1887. He sues as administrator, to quiet the title of her estate to lot No. 3, block 56, etc., in the city of Stockton. Both parties deraign title under a deed from one Weber to Frances Hamilton, the deceased, of date July 6, 1867, purporting to convey to her the lot in question,—the *plaintiff*, as her administrator; the *defendant*, under foreclosure of mortgage made to her, August 26, 1892, by the plaintiff, in his personal capacity, and commissioner's deed executed to him in pursuance thereof.

The court found that the property in question was the community property of Moses Hamilton and his deceased wife. But this finding rests wholly upon the deed of Weber to the latter,—the acknowledged source of title of both parties. Hence the question presented is as to the effect of this deed. If the deceased Frances, as grantee therein, took the property conveyed as her separate property, the plaintiff, as her administrator, was entitled to recover; otherwise not.

Under our law as it stood prior to the amendment of section 164 of the Civil Code, March 19, 1889, the presumption was that all property acquired by either spouse during marriage was community property. (*Meyer* v. *Kinzer*, 12 Cal. 247;[1] 1 Notes on Cal. Rep. 547, 548; Civ. Code, secs. 162, 163, 164.) Hence, assuming (without deciding) that the amendment of

---

[1] 73 Am. Dec. 538.

section 164, March 19, 1889, and the subsequent amendments of March 3, 1893, and of March 4, 1897, did not change the rule with reference to deeds made prior to the first amendment, the presumption, in the absence of evidence to the contrary, would be that Frances, the grantee in the deed in question, took the property for the community. But here there is a recital in the deed that it is made "in consideration of one dollar, and *exchange for lot No. 13, in block Q west*," etc.; and it appears from the evidence, without contradiction, that the lot mentioned—"No. 13"—was the separate property of Moses, the husband, owned by him before the marriage; and from a deed made by him twelve days after the deed to his wife—conveying to Weber lot No. 13, and reciting as the consideration "one dollar, and *exchange for lot 13, in block 56*," etc.,—it further appears that the deed of Weber to Frances was made with his consent, and in pursuance of his agreement with the grantor. Thus far the nature of the transaction is apparent, and there is no room for presumption. We have therefore only to determine the legal effect of the facts thus established; and this, under well-established and familiar principles of the law (assuming for the present that the result would not be affected by the peculiar laws of this state, affecting the marital relations), is sufficiently obvious.

A deed of conveyance is not merely evidence of a gift or other grant. It is the gift or grant itself, and *ipso facto* operates to transfer or convey the title of the property described to the grantee (Civ. Code, secs. 1053, 1146; *Shanahan v. Crampton*, 92 Cal. 11, 13); nor—unless under the peculiar rules of equity, to raise a trust—can its terms or legal effect be contradicted. Ordinarily, indeed, where a conveyance is made to one and the consideration paid by another, a trust is "presumed" in favor of the latter. (Civ. Code, sec. 583.) But this presumption arises only in transactions between "strangers to each other" (1 Perry on Trusts, sec. 126), and is not indulged where the conveyance is to the "wife or child, or other person for whom [the person paying the consideration] is under some natural, moral, or legal obligation to provide." In such cases the presumption is, "that the purchase and conveyance were intended to be an advancement for the nominal purchaser." (1 Perry on Trusts, sec. 143; Hill on Trustees, (97), and note.) The transaction was therefore a gift to Mrs. Hamilton, and, under

the express provisions of the code, her separate property. (Civ. Code, sec. 162.)

Nor are there any provisions of the code, or decisions of this court, that affect this result otherwise than as confirming it. Under our law, a husband may make a deed — whether of his own or community property — to his wife, and in such case it is well settled that, in the absence of evidence of a contrary intent, the deed will vest in her the land conveyed as her separate property. (Civ. Code, sec. 158; *Tillaux* v. *Tillaux*, 115 Cal. 672; *Ions* v. *Harbison*, 112 Cal. 260; *Carter* v. *McQuade*, 83 Cal. 274; *Burkett* v. *Burkett*, 78 Cal. 310;[1] *Taylor* v. *Opperman*, 79 Cal. 468.)

In the last-named case, the rule is thus stated by the court: "In the absence of any evidence of intention outside of the deed, it must be taken as evidencing the intention which, upon its face, it imports; . . . to deny it that effect would be to render the deed inoperative and void. (*Story* v. *Marshall*, 24 Tex. 305.[2]) . . . The *prima facie* presumption arising from a deed of the husband to the wife of community property is, that it was intended to change its character from community property to the separate property of the wife." (Citing Platt on Property Rights of Married Women, sec. 34.) The contrary was held in an early case in this state (*Kohner* v. *Ashenauer*, 17 Cal. 581), and in the Texas cases there cited; but these decisions must be regarded as overruled by the later authorities. The principle of the cases cited applies equally to the case here. There is no essential distinction between a deed direct from husband to wife, and a deed from him to her *per interpositam personam.* (*Michod* v. *Girod*, 4 How. 553; *Smith* v. *Strahan*, 16 Tex. 321;[3] *Baldridge* v. *Scott*, 48 Tex. 189.)

Possibly, with reference to the latter case, it may be claimed that where the consideration of the deed to the wife is community property, a presumption may arise — or, rather, might have arisen prior to the amendment of section 164 of the Civil Code — that the conveyance to the wife was for the use of the community; and it is in fact so held in Texas with regard both to deeds from husband to wife and deeds to her from third parties by his direction; though with regard to the former, as we have seen, the doctrine has been repudiated in this state.

---

[1] 12 Am. St. Rep. 58.          [3] 67 Am. Dec. 622.

[2] 76 Am. Dec. 106.

But the rule has no application, either in terms or intention, to cases where the consideration is the separate property of the husband.  Accordingly, in the Texas cases cited *supra*, it is held that in such cases the presumption is in favor of the wife's right, and that she takes to her own use.  And the same distinction is made in *Kohner* v. *Ashenauer*, 17 Cal. 581, and in the previous case of *Meyer* v. *Kinzer*, 12 Cal. 251.[1]  Nor in the numerous decisions in this court in which deeds to the wife by direction of the husband have been held to inure to her use has the contrary ever been ruled.  Nor indeed is it held in any of those cases that the rule would be otherwise, even in cases where the consideration is community property.  In all of them, indeed, some circumstance, in addition to the mere conveyance to the wife by direction of the husband, appeared, — as, e. g., declarations of the husband at the time of the deed, or the use, in the deed, of the expression, " as her separate property," or similar expressions.  But it cannot be inferred that in the absence of the particular circumstances shown in these cases, the decisions would have been otherwise.  (*Peck* v. *Brummagim*, 31 Cal. 444;[2] *Higgins* v. *Higgins*, 46 Cal. 263; *Swain* v. *Duane*, 48 Cal. 358; *Read* v. *Rahm*, 65 Cal. 344; *Jackson* v. *Torrence*, 83 Cal. 529.)  Nor if it could be so inferred, and the rule assumed that in such cases the presumption should be against the wife, would the case here be affected; for the consideration in this case was not community property, but the separate property of the husband; and with reference to such cases, the rule, as we have seen, is different.  The case is, in principle, precisely the same as though the consideration had been paid by the father of the wife, and the deed made to her by his direction.

I advise that the judgment and order appealed from be reversed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Henshaw, J., Temple, J., McFarland, J.

---

[1] 73 Am. Dec. 538.                [2] 89 Am. Dec. 195.