MARI, PLAINTIFF AND APPELLANT, *v.* MARI, DEFENDANT (ROYAL
BANK OF CANADA, INTERVENOR AND APPELLEE).

APPEAL from the District Court of Mayagüez in an Action
of Debt.

No. 1791.—Decided July 26, 1918.

INTERVENTION—LIENORS.—The appellant herein alleged that the complaint in
intervention did not lie because the intervenor had no interest in the litiga-
tion inasmuch as the subject-matter thereof was a debt pending between the
plaintiff and the defendant in which the intervenor was not concerned, and
because the attachment was a mere incident in the course of the action.
*Held:* That inasmuch as the defendant in the principal action had contracted
an agricultural loan with the intervenor, the complaint in intervention was
proper, since the governing statutes should be construed liberally and persons
having liens on the property affected by the action, or whose rights may be
affected by the judgment, are entitled to intervene.

ID.—PLEADING—PREFERENCE.—It appearing from the complaint in intervention
that the date of the maturity of the loan was subsequent to that of the filing
of the complaint, the intervenor was not required to state expressly therein
that, in accordance with the law, he had exercised his preferred right within
the twenty days following the maturity of the obligation.

ID.—CUSTODY OF PROPERTY—FORCED SALE.—The fact that the action of the intervenor was pending in the same court which at the time of the attachment
by the plaintiff-appellant already had the legal custody of the chattels
pledged to secure the loan, relieved the intervenor of the necessity of instituting a separate proceeding for the forced sale of said property.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. José Sabater* for the defendant.

*Messrs. Horton & Janer* and *J. Valdejuli* for the intervenor.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The Royal Bank of Canada intervened in a suit brought
in the municipal court by Ernesto Mari against Juan Mari,
and among other things alleged:

"II. On March 31, 1916, the above-mentioned defendant executed
in favor of the intervenor an agricultural loan for the sum of six
thousand dollars, received from the intervenor, to expire on October
30, 1916, secured by a lien on the following agricultural property:
(describing it).

"III. That on July 15, 1916, the marshal of this court, at the
instance of the plaintiff, levied an attachment upon the products and
goods hereinafter specified, as the property of the defendant, to secure the effectiveness of the judgment that may be obtained by
plaintiff herein on a complaint the principal averments of which are
as follows:

" '1st. That both plaintiff and defendants are residents of San
Germán, with full capacity to sue and to be sued.

" '2nd. That the defendant obtained from the institution *Caja
de Economías y Préstamos,* on December 15, 1915, the sum of $848
to be paid with interest thereon at the rate of 12 per cent per annum
on the 15th of June, 1916.

" '3rd. That as a memorandum of said debt the defendant subscribed a note, which was guaranteed by a joint and several undertaking executed by three sureties, to wit: Dr. Andrés Orsini, Delfín
Llorens and plaintiff.

" '4th. That the defendant did not pay his note at maturity,
nor the interest thereon amounting to $7.06, which added to the principal debt amounted to the sum of $855.06.

" '5th. That demand for payment was made by the said *Caja*

*de Economías y Préstamos.* upon both Dr. Orsini and the plaintiff, and that the former paid one-half of said sum of $855.06, that is, $427.53; and that plaintiff likewise paid an equal sum to the amount of $427.53; and

" '6th. That the defendant is therefore indebted to plaintiff in the sum of $427.53, which he has not paid up to this date, either in whole or in part.

" 'And plaintiff prays judgment for the said amount, with costs, disbursements and legal interest.'

"IV. Intervenor now alleges that inasmuch as plaintiff does not aver that the defendant was insolvent on June 15, 1916, nor that one of the sureties, Delfín Llorens, also was insolvent on the said date, nor that the obligation of defendant to reimburse plaintiff in the amount paid by him as surety of the defendant, has matured, the said complaint, in so far as the rights of intervenor are concerned, does not set up facts sufficient to constitute a cause of action against the defendant in this case.

"V. Intervenor further alleges that the obligation of defendant in favor of plaintiff has not yet matured, and that plaintiff's claim is premature.

    *       *       *       *       *       *       *

"VII. That the goods attached by plaintiff as property of the defendant are subject to the lien hereinbefore stated, to wit: the agricultural loan No. 52, and that intervenor has a prior lien upon the chattels so mortgaged to the exclusion of any other creditor.

"VIII. That the products and chattels attached by plaintiff as belonging to the defendant are the following: (describing them).

    *       *       *       *       *       *       *

"IX. That the value of the products and chattels enumerated in the preceding averment does not amount to the sum of three thousand dollars, and is insufficient to cover the preferred claim of intervenor amounting to six thousand dollars."

After admitting some of the facts alleged by intervenor and denying others, plaintiff set up as new matter that—

"The property attached by plaintiff as belonging to defendant, to secure the effectiveness of the judgment that may be rendered herein, is not that listed under the second averment of the intervenor's complaint, but other property in which the Royal Bank of Canada has no title or interest."

And by way of special defense plaintiff further alleged that—

"From the face of the complaint it does not appear that the intervenor has any interest in obtaining a judgment either in favor or against the plaintiff or the defendant, nor that, as to the subject matter involved, intervenor has any right against both the plaintiff and defendant."

The judgment of the municipal court was:

" * * * that plaintiff recover from the defendant the sum of four hundred and twenty-seven dollars and fifty-three cents, owing to the plaintiff by the defendant, and that the attachment levied upon the goods of the defendant, referred to by intervenor in his complaint of intervention, be dissolved; and further that preference be given to the claim of intervenor upon the attached property, which shall remain subject to the lien constituted by the agricultural loan No. 52, executed before the Municipal Judge of San Germán on October 30, 1916."

The district court, on motion of plaintiff-appellant, first struck the complaint of intervenor on the theory that the same did not show any interest in the subject-matter of the suit nor in the result thereof, and later, on motion of intervenor citing authorities, reconsidered and set aside its previous order and reinstated the complaint in intervention.

The final judgment reads in part as follows:

"The court after having heard the evidence adduced by the parties and the case having been submitted, took the same under advisement until this date, when after consideration of the briefs of counsel, it is of opinion that the law and the facts are in favor of the plaintiff and against the defendant, Juan Mari, and renders judgment sustaining the complaint and decrees and orders that the plaintiff Ernesto Mari, now Francisco Mariani y Colmenero, obtain and recover from the defendant Juan Mari the sum of four hundred and twenty-seven dollars and fifty-three cents as principal, with interest at the rate of 12 per cent per annum since the date of maturity of the obligation sought to be enforced by the complaint, until paid, together with all costs, expenses and disbursements and attorney's fees.

"And likewise the court is of the opinion that both the law and the facts are in favor of the intervenor and against the plaintiff, and therefore it adjudges a preference in favor of the credit of the intervenor over any other credit, the attached property to remain subject to the lien to secure the payment of the six thousand dollars owed by the defendant to the intervenor; and the marshal in execution of this judgment is hereby directed to pay to intervenor in preference to any other creditor the amount of his credit, up to such total amount as may be realized from the sale of the goods attached by plaintiff, which are subject to the lien of the agricultural loan recited in title No. 52 of the Municipal Court of San Germán, P. R., the collection of plaintiff's credit to be postponed until intervenor has satisfied his claim, secured by the lien upon the attached goods under the agricultural loan mentioned in the intervenor's complaint, all costs, expenses and disbursements incurred by the intervenor to be charged to the plaintiff   *   *   *."

Error is assigned as follows:

"1st. The court erred in reconsidering the order previously entered striking intervenor's complaint from the files.

"2nd. The intervenor's complaint does not state a cause of action.

"3rd. The court erred in weighing the evidence, which is wholly insufficient to sustain the judgment."

The theory of the first assignment is that intervenor has no interest in the litigation because the subject-matter thereof is a debt due from defendant to plaintiff which does not concern intervenor, and because the attachment is a mere incident in the progress of the action.

Section 72 of the Code of Civil Procedure provides:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either joining the plaintiff in claim of what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court, and served upon the

parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an ordinary complaint.''

''Such statutes are to be liberally construed.   *   *   *.''   20 R. C. L., p. 684, sec. 22.

''Persons who have liens on the property affected by the suit or whose liens may be impaired by the judgment are entitled to intervene.   *   *   *''   Id., p. 687, sec. 25.

''For the purpose of enabling persons to protect their rights when they are in danger of being injuriously affected by attachment proceedings, statutes of a number of States permit what is termed an 'intervention.' This remedy was not known at common law, but seems to be a product of the civil law. It had its origin in this country in Louisiana, whence it was first carried to California, and up to the present time has been adopted principally by the middle and western States of the Union.'' 2 R. C. L., p. 879, sec. 94.

'' *   *   *   The common law courts have eyed with jealousy the adoption into their system of this offspring of the civil law, and in construing the statutes they have disclosed no liability [liberality?]. On the other hand the courts in jurisdictions where the civil law prevails have, as a rule, interpreted the practice of intervention with a view to expanding its benefits.'' Id., p. 880, sec. 94.

''Not only does the right of intervention exist in favor of persons claiming the ownership or right of possession of attached property, but according to the weight of authority an intervening petition may be filed by anyone who has a lien on the res.   *   *   *   In accordance with this rule a person having a lien on the property by virtue of a mortgage from the attachment defendant may intervene.'' Id., pp. 882–83, sec. 98.

See also *Potlatch* v. *Runkel,* 16 Idaho, 192, annotated in 23 L. R. A. (N. S.) 536, and 18 Am. Cas. 591; note to *Walker* v. *Saunders,* 123 Am. St. Rep. 280; Garland's Rev. Code of Prac. (3d. ed.) pp. 298–309, secs. 389–398, App. pp. 867–869; *Brooklyn Cooperage Co.* v. *Cora Planting and Mfg. Co.,* 137 La. 807; *Bank* v. *Levert,* 133 La. 494; *Wells* v. *Blackman,* 121 La. 394; *Brugier* v. *Miller,* 114 La. 419; *Clafling Co.* v. *Feibelman & Co.,* 44 La. Ann. 518; *Gilkenson Sloss Co.* v. *Bond & Williams,* 44 Am. 841; *Durnford* v. *Clark's Estate,* 3 La. 199; *New Orleans Canal & Banking Co.* v. *Beard,* 16 Ann. 345;

Blackly v. Matlock, 3 Ann. 366; Horner v. Dennis, 34 Ann. 389; Goode v. Nelson, 29 Ann. 143; Fisher v. Gordy, 2 Ann. 763; Gil v. Gil, 10 Rob. 28; Estelle Carrigues Vanhille v. Her Husband, 5 Rob. 496.

Under the second assignment, in addition to the contention already disposed of, appellant argues that the complaint should have alleged that "within twenty days following the maturity of the loan" intervenor had demanded from the municipal court the sale at public auction of the chattels pledged to secure the loan.

Section 8 of the law relied upon by the appellant provides that—

"The holder of a certificate who shall allow twenty days to elapse after maturity without claiming payment therefor shall forfeit the preference that this law grants him to effect collection, and can only do so thereafter at a proper trial."

In the case at bar, however, the agricultural loan had been contracted before the same municipal court in which this whole controversy arose. The complaint of intervenor, dated July 28, 1916, specified October 30, 1916, as the day on which the loan would mature. If the obligation had not matured the twenty-day period after maturity could not have expired.

In the argument under the third assignment it is also pointed out that the judgment in the district court after the trial de novo was rendered some eight months after maturity of the loan, and that intervenor did not prove that he had applied to the municipal court for an order of sale within twenty days after such maturity. The judgment in the municipal court, however, was rendered very shortly after the loan matured, although not within the twenty days; and the fact that this controversy was pending in the same court which at the time of attachment by plaintiff-appellant already had the legal custody of the chattels pledged to secure the loan, relieved intervenor from any necessity of instituting a separate proceeding for the summary sale of such property.

As to the other matters discussed under the third assignment, it will suffice to say that we find no such manifest error as to require a reversal.

The judgment and the order refusing a new trial must be

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.