[Civ. No. 3081.  First Appellate District, Division One.—October 22, 1919.]

J. G. ROSSITER, as Administrator, etc., Appellant, v. ROBERT A. SCHULTZ, Respondent.

[1] Deeds—Delivery.—Where after recordation a deed is mailed by the recorder to the grantee, such delivery is sufficient and title can then vest only in such grantee.

[2] Resultant Trust—Payment for Real Property by Other Than Grantee—Parent and Child—Presumption of Advancement.— The doctrine that a resultant trust arises when a transfer of real property is made to one person and the consideration therefor is paid by another does not arise where the parties concerned are husband and wife or parent and child. In such case the presumption is that the purchase and conveyance were intended to be an advancement for the nominal purchaser.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

John Dennison for Appellant.

Landreth & Patten for Respondent.

KERRIGAN, J.—Plaintiff, as administrator of the estate of Carrie Smith, deceased, brought this action against the defendant, her son, to establish a resulting trust in two lots in Los Angeles standing in defendant's name. From the judgment quieting the latter's title as prayed for in a cross-complaint filed in the action the plaintiff appeals.

The documentary evidence showed that the decedent in her lifetime contracted to purchase the two lots in question. One of them she bought from one Furth under a contract, her interest in which she assigned to the defendant. Upon making the final payment upon this lot she receipted for a deed wherein the defendant was named as

_____

1.  Deposit of deed in mail as a delivery, note, 5 A. L. R. 1664.
2.  Resulting trust as arising from purchase in name of one spouse with funds of other, notes, Ann. Cas. 1915C, 1082; Ann. Cas. 1915D, 625, 654.

grantee and which, after its recordation, was sent by mail to the defendant at his mother's address.

[1] There is no merit in the contention that such delivery of the deed was insufficient, for it is clear that whatever control the grantor had over the deed was lost when it was mailed by the recorder to the defendant, and title could then vest only in the grantee named in the instrument.

As to the other of said lots, its purchase was contracted for by deceased with one Humbert, the contract providing that upon completion of the payments therein specified a deed was to be given to defendant. The payments on this contract had not been completed when plaintiff's intestate died, but defendant thereafter paid the balance due and took a deed from Humbert in his own name in accordance with the terms of the contract.

It thus appears that at no time did the title to either lot stand in the name of plaintiff's intestate, and the evidence offered by plaintiff, viewed in its strongest light, showed merely that the decedent was in possession of the lots at the time of her death, and that the payments had been actually made by her. To offset any presumption that might be drawn from these facts that the title was taken in the son's name for convenience only and that he held title in trust for his mother, there was the positive testimony of the defendant that he had given his mother the money with which the lots were bought, which testimony fully warranted the trial court in finding that the defendant held the property free of any trust in favor of his mother and was the absolute owner thereof. [2] Indeed, that court would have been justified in reaching such conclusion without that particular testimony, for the doctrine that a resulting trust arises when a transfer of real property is made to one person and the consideration therefor is paid by another does not arise where the parties concerned are husband and wife or parent and child. In such case the presumption is that the purchase and conveyance were intended to be an advancement for the nominal purchaser. (*Hamilton* v. *Hubbard*, 134 Cal. 603, 605, [65 Pac. 321, 66 Pac. 860].) It may be noted that the only heir of the deceased other than this son was her husband, from whom she was living apart. The only evidence offered in behalf

of plaintiff was that of two persons who held claims against the estate of the deceased of rather dubious origin and merit, and we are fully satisfied with the action of the trial court in refusing to impress the defendant's title with a trust upon the testimony in this record.

Judgment affirmed.

Richards, J., and Beasly, P. J., *pro tem.*, concurred.