[Civ. No. 4411. Second Appellate District, Division Two.—May 2, 1927.]

MARIETTA R. MILLER, an Incompetent Person, etc., Appellant, v. GRACE S. MILLER, Respondent.

[1] TRUSTS—EVIDENCE—FINDINGS.—In this action to establish a trust in certain real property title to which passed to defendant upon the death of her husband, it could not be said that the proof relied upon by plaintiff was clear and convincing; in fact, taken at its greatest probative value, it could do little more than raise a suspicion of a trust, and on the other hand, aside from the oral testimony given by defendant's witnesses, the deeds themselves, which were introduced in evidence, together with the relation of plaintiff and defendant's husband (mother and son), were sufficient to warrant the conclusions of the trial court in favor of defendant.

[2] ID.—CONVEYANCE TO RELATIVE—CONSIDERATION—PRESUMPTION—ADVANCEMENTS.—Ordinarily where a conveyance is made to one and the consideration is paid by another, a trust is presumed in favor of the latter; but this presumption arises only in transactions between strangers to each other, and is not indulged where the conveyance is to the wife, or child, or other person for whom the person paying the consideration is under some natural, moral, or legal obligation to provide. In such cases the presumption is that the purchase and conveyance were intended to be an advancement for the nominal purchaser.

---

(1) 39 Cyc., p. 163, n. 70.   (2) 39 Cyc., p. 143, n. 54.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walton J. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. B. Holley and A. E. Garten for Appellant.

Daly, Daly & Todd and G. M. Spicer for Respondent.

---

2. Definition of and when resulting trust created, note, 51 Am. Dec. 751. Gratuitous conveyance as raising resulting trust in favor of the mutual objects of the bounty of the grantor or donor, note, L. R. A. 1915E, 648. See, also, 25 Cal. Jur. 191, 193; 26 R. C. L. 1225. Presumption as to advancement or trust where property is purchased with money of parent and title is taken in name of child, note, 26 A. L. R. 1126.

THOMPSON, J.—This action was commenced by plaintiff to recover from defendant Grace S. Miller an undivided one-half of two parcels of real property in the city of Long Beach, California. The complaint alleged the ownership by plaintiff of an undivided one-half interest, her incompetency and the appointment of a guardian, and then alleged that for some time prior to the death of Willard E. Miller, a son of plaintiff, which occurred January 23, 1920, the record title to the properties was held by him for convenience and for the joint benefit of himself and his mother, the plaintiff. The complaint further alleges that as to one of the pieces of property Willard E. Miller, while physically and mentally afflicted by reason of a stroke of paralysis, and on December 24, 1919, was unduly influenced and persuaded by his wife to execute to James H. Daly a deed, in order that Daly might, as he did, immediately convey the property to Willard E. Miller and his wife, the defendant here, as joint tenants with right of survivorship, and that as to the other piece of property Willard E. Miller, without plaintiff's knowledge and because of the undue influence of the defendant, took the title in his own and his wife's name with the right of survivorship, although the funds with which it was purchased were the joint funds of the plaintiff and Willard E. Miller. Judgment was rendered for defendant and plaintiff appeals.

Since the appeal was prosecuted Marietta R. Miller has died and Louis E. Miller, as administrator of the estate of Marietta R. Miller, has been substituted in her stead.

[1] The appeal is based on the assertion that the evidence is insufficient to support the judgment. No particular finding or portion of the findings is pointed out as being insufficiently supported. At the trial it developed that the title to the first parcel of property had been vested in Willard E. Miller since December, 1903; that it had been improved by him with money borrowed for that purpose; that he had also borrowed money from the same source to purchase the other property and pay for the building. There was testimony to show that some time prior to 1903 the plaintiff owned property known as the "Kennebec Property," which was sold November 30, 1903, for $19,500, from which it is fair to assume must be deducted a mort-

gage of $3,250 placed upon the property by plaintiff in September, 1900. Mrs. Grace S. Miller testified on cross-examination that her husband told her that title to this property was placed in his mother's name for convenience only and that he owned it in fact. Another son of plaintiff, George I. Miller, testified that the proceeds of this sale went into the American Avenue property which is the first parcel involved in this action, but on cross-examination he testified that he did not know how the money for the Kennebec property was paid, nor to whom it was paid, thus evidencing an unfamiliarity with the situation which greatly detracts from the weight to be accorded his statement that the money went into the "American Avenue Property." It does not appear that after the improvement of this last-named property Mrs. Marietta R. Miller received any of the income but rather that from the year 1907 up to the time of Willard Miller's death, he and a brother, Louis E. Miller, regularly contributed to the support of their mother, the plaintiff, and that after Willard's death Louis and two other brothers and Mrs. Grace Miller, the defendant, contributed to her support. Under these circumstances the following question arises: Was the trial court justified in holding that plaintiff had failed to establish a trust relationship? It cannot be seriously argued that the proof relied upon by plaintiff was clear and convincing; in fact, taken at its greatest probative value, it could do little more than raise a suspicion of a trust. On the other hand, aside from the oral testimony given by defendant's witnesses, the deeds themselves, which were introduced in evidence, together with the relationship of mother and son are sufficient to warrant the conclusion of the court. **[2]** As has been said (*Hamilton* v. *Hubbard,* 134 Cal. 605 [65 Pac. 321, 66 Pac. 860]: "Ordinarily, indeed, where a conveyance is made to one and the consideration paid by another, a trust is 'presumed' in favor of the latter. (Civ. Code, sec. 583.) But this presumption arises only in transactions between 'strangers to each other' (1 Perry on Trusts, sec. 126), and is not indulged where the conveyance is to the 'wife or child, or other person for whom [the person paying the consideration] is under some natural, moral, or legal obligation to provide.' In such cases the presumption is, 'that the purchase and conveyance were intended to be an advancement

for the nominal purchaser.' (1 Perry on Trusts, sec. 143; Hill on Trustees, [97], and note.)"

Judgment affirmed.

Craig, J., and Johnson, J., *pro tem.,* concurred.