[Civ. No. 10735.   First Appellate District, 'Division Two.—February 4, 1938.].

LOLA M. ELMS, Respondent, v. FRED G. ELMS, Defendant; ALBERTA E. MONTAGNE, Intervener and Appellant.

A. A. Montagne for Appellant.

Gordon Johnston for Respondent.

SPENCE, J.—This is an appeal by Alberta E. Montagne, the intervener, from certain portions of the judgment and interlocutory decree of divorce relating to a parcel of real property.

The plaintiff and defendant in the divorce action were respectively the mother and father of the intervener. The real property in question consisted of an apartment house which was found by the trial court to be the separate property of the plaintiff. The trial court further determined that neither defendant nor the intervener had any interest therein. Defendant took no appeal but the intervener appealed from the portions of the judgment and decree denying her any interest in said real property.

It was alleged by the intervener that she contributed a portion of the purchase price of said real property and that it was agreed, at the time of the purchase, that the real property would be held in trust for her use and benefit "proportionately in conformity to the contribution and payments made". The trial court found against these allegations and made the following further findings relating to the purchase of said property:

"That at the time the real property described in paragraph V hereof was purchased by plaintiff, intervener Alberta E. Montagne advanced and loaned sums of money to plaintiff, but that all of said loans or advances were, in so far as said real property was and is concerned, made by intervener on the basis of the general credit of plaintiff, and that said intervener so regarded them; and that said intervener at no time advanced or furnished funds to plaintiff for the purpose or with the understanding that said funds should be used to purchase or acquire an interest in said property for said intervener. That the conduct and actions of said intervener concerning said property have been inconsistent with any claim of ownership of, or an interest in, said prop-

erty; that said intervener permitted plaintiff to go into the possession of said property and make extensive improvements thereon at her own expense; that plaintiff has done all of the work required to maintain and operate said property and that said intervener has done none of said work; that, with the knowledge of intervener, plaintiff has collected the income from said property and disbursed it as she saw fit; that plaintiff, with the knowledge of said intervener, has paid all costs and charges in connection with said property, and arranged and executed, on her own credit, all loans secured by said property; and that when said intervener occupied an apartment in said property, she paid rent therefor to plaintiff.''

These findings fully support the trial court's conclusions to the effect that there was no resulting trust in favor of the intervener and that the intervener had no interest in the property. ■ Appellant states her contentions in various ways but the only real question on this appeal is whether the evidence was sufficient to sustain the above-mentioned findings. Appellant contends that the evidence was insufficient for that purpose but we find no merit in this contention.

The property was purchased in 1926 at a time when appellant was teaching school and living with her parents. It does not appear that any particular formality had attended the handling of financial matters as between the members of the family at any time. It appears that appellant paid no board but she produced cancelled checks showing the payment of sums of money to her parents at various times. There was evidence to show that at one time, the mother purchased a piece of property in Berkeley for $500 and obtained the money from appellant. This lot was sold for $2,100 at about the time of the purchase of the apartment house in question. There was further evidence to show that the mother obtained $1500 from appellant at the time of the purchase of the apartment house. It was appellant's claim that the $500 and the $1500 were paid to her mother upon the agreement that the property purchased would be held in trust as alleged but we believe that the findings of the trial court to the contrary are sustained by the evidence of appellant herself as well as by other evidence.

With respect to the sum of $500 used in payment for the Berkeley lot, it appears from an informal memorandum introduced in evidence and from appellant's testimony with respect thereto that the parties had stated an account between

themselves, in which this amount was credited to appellant. She was asked, ''You accepted that statement, you and she sat down and figured that out and struck the balance?'' Appellant answered, ''Yes''. She was further asked, ''You never claimed to own that lot although you put up the purchase price?'' Appellant answered, ''No, I loaned them all the money for it.'' This evidence shows that appellant herself treated this transaction merely as a loan.

When the apartment house was purchased, substantial alterations were made by respondent. In making the purchase and the alterations, respondent used the $2,100 from the sale of the Berkeley lot and the $1500 which she then obtained from appellant. In purchasing, respondent paid approximately $1561 in cash, gave her unsecured note for $600 and assumed encumbrances amounting to $6,500. While appellant testified that this property was to be an investment ''for the two of us'', her claim to an interest in the property was not asserted until nine years after the purchase. All of the above mentioned findings with respect to the conduct of appellant during those nine years were sustained by the evidence of appellant herself and said conduct was inconsistent with her claim to an interest in the property. It is therefore apparent that the trial court's determination that the money was received by respondent from appellant as a loan and that no trust resulted are fully sustained.

■■■ Respondent contends that the provisions of section 853 of the Civil Code have no application here because of the relationship between the parties as disclosed by the record. She cites and relies upon *Quinn* v. *Reilly*, 198 Cal. 465 [245 Pac. 1091], and *Miller* v. *Miller*, 82 Cal. App. 657 [255 Pac. 1099]. We need not decide this question, for by its terms, that section merely gives rise to a presumption that a trust results under certain circumstances. And even when such presumption arises, it may be rebutted by circumstances showing that the money was advanced as a loan (25 Cal. Jur. 187, sec. 55), or as a gift (25 Cal. Jur. 191, sec. 59). As above indicated, the circumstances in evidence in the present case were ample to rebut the presumption.

The portions of the judgment from which this appeal was taken are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 4, 1938.