ELLIS, Judge.
On May 24, 1951, General Motors Acceptance Corporation filed this suit against W. E. Jordan, a resident of the State of Georgia, alleging a balance due of $2,134.-19 upon two conditional sales contracts which were owned and held in due course by the plaintiff. Pursuant to the petition herein a writ of sequestration issued and a truck and trailer, which were situated in the Parish of Livingston, were seized.
A curator ad hoc was appointed to represent the defendant, answer was filed and issue joined.
*628 On June 8, 1951, the cause was tried and a judgment rendered in favor of p-laintiff as prayed for recognizing its lien and privilege and its right to proceed against the property sequestered. Pursuant to this judgment plaintiff secured a writ of fieri facias and after due advertisement the truck and trailer were to have been sold by the Sheriff on .July 14, 1951.
On July 11, 1951, a petition, termed one of intervention and third opposition, was filed by Dorris E. Harrell. This petition contained allegations that the judgment rendered herein in favor of plaintiff was null and void for lack of jurisdiction; that the seizure and Sheriff’s sale pursuant to the judgment were illegal and should be enjoined; that there should be judgment in favor of Harrell and against the plaintiff setting aside the seizure and sale and declaring the judgment null and void; that Harrell be awarded $150 damages; that a temporary restraining order -issue directed to the Sheriff to show cause why a preliminary injunction should not issue enjoining the sale, followed by a permanent injunction. The temporary restraining order was issued, bond was posted and the Sheriff commanded to show cause on July 16, 1951, why a preliminary writ of injunction should not issue.
General Motors Acceptance Corporation in answer to this petition, filed an exception of no right of action and no cause of action.
These exceptions were heard, taken under advisement, and on February 15, 1952, they were maintained and the petition of intervention and third opposition dismissed. From this judgment there has never been an appeal.
General Motors Acceptance Corporation secured a writ of fieri facias and the truck and trailer were sold at Sheriff’s sale on April 5, 1952, when Harrell bid the property in for the sum of $1500.
On April 10, 1952, General Motors Acceptance Corporation filed a motion to have the Sheriff pay the proceeds of the sale to it upon the ground it was the only holder of a lien and judgment of any kind against the property. In connection with this motion an order was obtained commanding the Sheriff of the Parish of Livingston to show cause why he should not pay plaintiff herein the proceeds of the sale.
In answer to this motion Harrell again intervened upon the same grounds upon which his first intervention and third opposition had been based. This second pleading contained a motion seeking to have the Sheriff enjoined from giving the proceeds of the sale to the plaintiff, and Harrell further claimed a privilege on the proceeds of the sale by reason of an attachment against the property in the suit of Dorris E. Harrell v. M. E. Rockett & W. E. Jordan (General Motors Acceptance Corporation, Int.), presently on appeal before this Court.
To this second intervention and motion General Motors Acceptance Corporation filed exceptions of no right,and no cause of action and an exception of res judicata.
The exceptions of res judicata, of no right and no cause of action, were maintained and the last petition of intervention and motion for injunction were dismissed, at Harrell’s cost, by judgment rendered and signed on June 13, 1952.
From this judgment Harrell has appealed.
The basis of the exceptions filed by General Motors Acceptance Corporation to the first petition of Harrell, which petition is labeled one of intervention and third opposition, were urged upon the following reasons :
1. That the petition of intervention was filed too late.
2. That the third opposition must fall because there has been no compliance with the legal grounds to allow it.
3. That no injunction could lie because the intervenor and third opponent did not claim ownership of the property in question.
4. That the petition, being in essence, an attack upon the judgment, must fall because brought in the improper form of action; that being an' action for nullity of the judgment, it cannot be heard because all parties to the original suit were not cited.
*629 These contentions will be treated separately herein, in the order noted.
1. Articles 389 and 391 of the Louisiana Code of Practice provide:
Article 389. “An intervention or interpleader is a demand by which a third person requires to be permitted to become a party in a suit between other persons; by joining the plaintiff in claiming the same thing, or some- , thing connected with it, or by uniting with the defendant in resisting the claims of the plaintiff, or, where his interest requires it, by opposing both.”
Article 391. “One may intervene either before or after issue has been joined in the 'cause, provided the intervention do not retard the principal suit; the person intervening must be always ready to plead or to exhibit his testimony, because he has always his remedy by a separate action to vindicate his rights.”
The jurisprudence touching these Articles holds, without exception, that an intervention can be filed only while the suit between the original parties is pending, and before judgment has been rendered in the main demand.
In Jones v. Lawrence, 4 La.Ann. 279, the Court states: “Where the principal demand has been tried, no further proceedings can be had on the intervention.” And in Gorman v. Gorman, 158 La. 274, 103 So. 766, it is said: “an intervention cannot retard principal suit, and its merits can only be passed on at time main action is decided.” Also in Woolfolk v. Woolfolk, 30 La.Ann. 139, it. is found: “In the nature of things, and by express letter of the law, Code of Practice Articles 389 and 391, intervention is permissible only while the suit is pending between plaintiff and defendant. If the suit has terminated and judgment has been rendered no intervention therein is possible.” All of or jurisprudence on this point shows a long standing and well-defined rule that an in-tervenor must take the case as he finds it, and he is not allowed to retard the progress of the main action. This rule is founded upon the principle that an intervenor be not allowed to retard a decision on the main demand as he always has his remedy, if any, by a separate suit. Consequently insofar as the intervention filed herein is concerned, it should be dismissed.
2. Article 395 of the Louisiana Code of Practice defines the opposition of third persons as:
“This opposition is a demand brought by a third person not originally a party in the suit, for the purpose of arresting the execution of an order of seizure or judgment rendered in such suit,- or to regulate the effect of such seizure in what relates to him.”
Article 396 of the Louisiana Code of Practice outlines such opposition may take place in two cases:
“1. When the third person making the opposition pretends to be the owner of a thing which has been seized.
“2. When he contends that he has a privilege on the proceeds of the thing seized and sold.”
Harrell, third opponent herein, cannot proceed under the first ground since he does not pretend to be the owner of the seized property.
Under the second ground set forth in Article 396 of the Code of Practice, a reading of the first petition of third opposition filed herein discloses that the pleader set forth he acquired a privilege in suit No. 5360 on the Docket of the 21st Judicial District Court of the Parish of Livingston under an attachment issued against the ■same property involved herein. However, that suit, was not pursued to judgment, and, as is pointed out in the opinion of this Court in that cause, no privilege can be gained by an attachment until the claimant has obtained a judgment. There is nothing in the prayer of this first petition of third Opposition claiming the opponent should be paid by priority out of the proceeds of the property seized, the only claim for any privilege appearing in the body of the petition. It would seem therefore that the opponent has not met the requirements set out in the Article of the Code of Practice, supra, and therefore is not entitled to so oppose this law suit.
*630 3. Our jurisprudence under the Articles of the Louisiana Code of Practice concerning third oppositions holds that a third opponent is entitled to injunctive relief only after he has claimed ownership of the property under seizure. In Layman v. Succession of Woulfe, 136 La. 767, 67 So. 823, 824, is found the following language :
“But in the case at bar the intervenor does not claim ownership of the property seized, and his assertion of a privilege on the proceeds of the property would not have entitled him to an injunction.” ■
Articles 398, 399 and 400 of the Louisiana Code of Practice provide the cases in which injunctions lie, restricting this right to those in which the third opponent claims to be the owner of the property seized. And, while Article 401 provides that a third opponent who has a privilege entitling him to be paid out of the proceeds of a sale in preference to the party making the seizure, may obtain an order directing the Sheriff to retain the proceeds of the sale, yet there is no right of injunction given when the only claim is one of privilege on the proceeds. Day v. Goff, 2 La. App., 75; Vanhille v. Her Husband, 5 Rob. 496; Gill v. Gill, 10 Rob. 28; Fisher v. Gordy, 2 La.Ann. 762; and Wallis v. Bourg, 14 La.Ann. 104, are further authorities the opponent is not entitled to injunction where ownership is not claimed.
4. Article 610 of the Louisiana Code of Practice requires a party praying for the nullity of a judgment, before the Court which has rendered it, must bring this action by means of a petition and the adverse party must be cited to appear as in an ordinary suit. Woolfolk v. Woolfolk, 30 La.Ann. 139, held decisively that a suit for the nullity of a judgment could not be brought by way of intervention or third opposition but must be brought in ordinary form, by petition and citation. If the petition in question be considered as an action for nullity, it- discloses no cause or right of action, since Jordan, the defendant in this suit, was never cited.
The intervenor and third opponent strenuously contests the regularity and legality of the proceedings herein, particularly upon jurisdictional grounds.
In State v. Jefferson Island Salt Mining Co., 183 La. 304, 308, 163 So. 145, it is shown that an intervenor submits himself to the jurisdiction of the Court. .He cannot complain of informalities or defects in the main action but must take the suit as he finds it and cannot raise any issues between the defendant and plaintiff which they themselves have not raised. West v. His Creditors, 8 Rob. 123; Gilkeson Sloss Commission Co. v. Bond, 44 La.Ann. 841, 11 So. 220; Parish v. Holland, 166 La. 24, 116 So. 580, 581; Bonnabel v. Police Jury, Parish of Jefferson, 216 La. 798, 44 So.2d 872. Also see Louisiana Code of Practice Articles 391 and 392.
The second intervention and opposition filed February 15, 1952 was met by an exception of res judicata. This second petition was based upon the identical-grounds alleged in the first, under which a judgment had already been rendered, and from which Harrell, the intervenor, had taken no appeal. Clearly the exception is good since the issues had álready been decided by the same Court in which the second petition was filed. The present, appeal herein is taken from the judgment of the District Court rendered June 13, 1952 maintaining both the exceptions of' no right and no cause of action and the exception of res judicata.
For the reasons set forth hereinabove-the judgment of the Lower Court is affirmed.