[Filed November 3, 1890.]

TITUS TAYLOR, APPELLANT, *v.* S. A. MILES, RESPONDENT.

TRUST—WHEN RESULTING.—When land is conveyed to one person and another pays the consideration, a resulting trust will be presumed in favor of the one paying the consideration. It rests on the equitable principle that the property belongs to him who advances the money to pay for it.

PAROL EVIDENCE—WHEN NOT ADMISSIBLE.—As the trust results from the payment of the consideration, if the party claiming to be the beneficial owner has made no payments he cannot show by parol evidence that the purchase was made for his benefit, for that may not involve anything more than a breach of a parol agreement to purchase and hold in trust for another.

PAYMENT NEED NOT BE IN MONEY.—It is not essential that the payment of the consideration be in money, but it may be made in anything of value.

PRESUMPTION OF PAYMENT WHEN BETWEEN STRANGERS.—The presumption that the party paying for the property intended it for his own benefit applies only when the transaction is between strangers, where there is no moral or legal obligation resting on the purchaser to pay the consideration for another.

WHEN INTENDED AS AN ADVANCEMENT.—When the purchaser takes conveyances in the name of his wife, the rule is reversed, and equity raises the presumption that the purchase and conveyance was intended as an advancement or gift.

CONVEYANCE TO WIFE—WHEN EFFECT TO HINDER CREDITORS.—If a purchaser takes a deed in the name of his wife for the purpose of hindering and delaying his creditors, and not for the purpose of making an advancement, a trust will result to the purchaser, and the land be liable for his debt.

CONVEYANCES WITHOUT CONSIDERATION.—The law enforces a careful regard for the rights of creditors against conveyances without consideration made by a party largely indebted, and unless he makes provision for the payment of his debts or retains other property of sufficient value for that purpose, they are of no validity as to such creditors.

WHETHER PAYMENT OF THE DEBT PURGES THE FRAUD, NOT DECIDED.—Whether a party largely indebted can put his property in the hands of another to hold until he can pay his debts, and when the debts are so paid the transaction will be relieved of its fraud, not decided.

CASE STATED.—Where a party, in order to secure his property against the claims of his creditors, conveyed it to another to hold until he could pay his debts, and after such debts were paid, directed it to be conveyed to his wife; and subsequently joined with her in a deed in exchanging said property for other property with C.; *held*, that no trust resulted to him in such property.

APPEAL from Multnomah county: E. D. SHATTUCK, judge.

This is a suit in equity brought by the plaintiff to quiet title and to have a trust declared in certain lands described and lying in East Portland standing in the name of his wife, Elizabeth Taylor, now deceased. The plaintiff alleges that now and since the sixteenth day of December, 1869, he has been the owner and in possession of the said property, describing it; that on that day he purchased and paid for said described property and had the legal title to the same conveyed to his wife, Elizabeth Taylor, in trust for himself; that she received such title in trust for him and agreed to hold it subject to plaintiff's directions and control, and to convey the title to him when demanded; and that in case of her decease, before the property was otherwise disposed of, she would leave a will devising the legal title to the plaintiff; that on the thirtieth day of April, 1882, the said Elizabeth Taylor made her will devising said property to the plaintiff and died on that day, and that the defendant claims an estate or inter-

est in said property adverse to the plaintiff, etc. The defendant, by his answer, after denying the facts as alleged, sets up affirmatively (1) that the said Elizabeth Taylor was seized in fee simple of said lands, and that she died intestate, leaving no heirs at law except three daughters, naming them, each of whom inherited an undivided one-third of said property, etc., and that the defendant, by a regular chain of conveyances, has succeeded to the interest of two of such heirs, and (2) that the plaintiff ought not to be permitted to maintain his suit on account of facts alleged to create an estoppel, etc. Upon issue being joined, the evidence was taken and submitted to the court, which being duly advised by argument, after mature deliberation found that plaintiff had no right or title in the described lands, except an estate by curtsy, and that the said Elizabeth Taylor did not hold the same in trust for plaintiff nor subject to his direction and control; that she did not make a will devising the said property to the plaintiff, but that she was the owner thereof in fee simple, and that the defendant had succeeded to her right in an undivided two-thirds thereof subject to the curtsy of the plaintiff, and thereupon decreed that the plaintiff had no right, title or interest therein except an estate by curtsy for his own life, and that the defendant is the owner in fee simple of an undivided two-thirds of said land, subject to said estate by curtsy, etc. From this decree the present appeal is brought.

*A. L. Frazer* and *E. B. Williams,* for Plaintiff.

*B. Killin* and *W. E. Thomas* for Defendant.

LORD, J., delivered the opinion of the court.

The question raised by this record is, whether upon the facts the wife of the plaintiff held the property in dispute in trust for him or in her own right as the intended beneficiary of it. Where one purchases an estate and pays for it and takes the title in the name of another, or where one purchases land with the money of another and takes the title to himself, there arises by operation of law a

resulting trust in favor of him whose money paid for it. *Parker* v. *Newitt*, 18 Or. 274. It rests upon the equitable principle that the property belongs to him who advances the money to pay for it, or that the beneficial ownership follows the consideration. But as the trust results from the payment of the consideration, if the party claiming to be the beneficial owner has made no payments, he cannot show by parole evidence that the purchase was made for his benefit, for that might involve no more than a breach of a parole contract to purchase and hold in trust for him. Nor is it essential that the payment or the consideration be in money, but it may be made in anything of value. "It is sufficient," said Wells, J., "if that in fact which formed the consideration of the deed moved from the party for whom the trust is claimed to exist, or was furnished in her behalf or on her credit. The trust results from the purchase and payment of the consideration by or for one party and the conveyance of the land to another. The receipt of a deed founded on such a transaction raises a presumption that it was taken for the benefit of the party supplying the consideration." *Blodgett* v. *Hildreth*, 103 Mass. 487. As a consequence, it follows that a trust must arise, if at all, at the time of the conveyance, and that the money or other consideration for the deed, which is the foundation of the trust, must then be paid or secured to be paid. *White* v. *Carpenter*, 2 Paige Ch. 238. The resulting trust must arise at the time of the purchase, and cannot be created afterwards. But the presumption that the party paying for the property intended it for his own benefit applies only when the transaction is between strangers, where there is no natural or legal obligation resting on the purchaser to pay the consideration for another. When the purchaser takes the conveyance in the name of his wife the sale is reversed, and equity raises the presumption that the purchase and conveyance was intended to be an advancement or gift.

"Whenever," says Mr. Pomeroy, "the real purchaser— the one who pays the price—is under a legal or even a

moral obligation to maintain the person in whose name the purchase is made, equity raises the presumption that the purchase is intended as an advancement or gift, and no trust results." 2 Pom. Eq. § 1039.    But if a husband purchases an estate and pays the consideration thereof, and procures the title to be conveyed to his wife with the understanding that she shall convey the same to him when demanded, she has no such beneficial interest in the property that will in the event of her death, while holding the title as against the husband, descended to her heirs.    It is the payment of the purchase money by the husband that creates the trust, and the agreement to so hold and convey when demanded may be shown in evidence to rebut the presumption that the property was conveyed to the wife as an advancement.    *Cotton* v. *Wood*, 25 Iowa, 46.    Again, if the purchaser takes the deed in the name of his wife or child for the purpose of defrauding or delaying his creditors, and not for the purpose of making a settlement or advancement, a trust will result to the purchaser and the land be liable to his debts.    *Guthrie* v. *Gardner*, 19 Wond. 414; *Belford* v. *Crane*, 1 C. E. Green, 265,[1]  When, however, a party holding real estate in his own right, in order to secure it against the claims of his creditors, makes a conveyance of it to another without any valuable consideration, who accepts the conveyance upon a secret trust for such party's use, it is void as to existing creditors and the land is liable for his debts.    Nor can a party largely indebted give or convey away his property in disregard of the claims of his creditors, and escape the suspicion that the transaction originated in fraud.    The fact may be that no fraud was intended, but if they operated to the prejudice of his creditors and delay and hinder them, such conveyance will not be upheld or allowed to defeat the payment of their claims.

The law enforces a careful regard for the rights of creditors against conveyances without consideration, made by a party largely indebted; and unless he makes provision for the payment of his debts, or retains other property

(1) 84 Am. Dec. 155.

of sufficient value for that purpose, they are of no value as to them, and may be set aside and appropriated to the payment of their claims.    These principles are elementary and the justice of them so obvious that no citations are necessary to sustain them.

Turning now to the evidence, it only remains to apply these principles to it and declare the result.   For convenience, it may be best first to briefly trace the line of conveyance to the property in dispute.   The plaintiff was the owner of a tract of land upon Suavie's island, the greater part of which he and his wife conveyed to one Nelson Hoyt; that shortly thereafter, by direction of the plaintiff, Hoyt conveyed the same to the wife of the plaintiff, and that in the year ensuing the plaintiff and his wife exchanged this land for the land in dispute.   Taking these transactions separately, the testimony shows that in the month of January, 1868, the plaintiff being in debt and fearing that his creditors would subject his property to its payment, conveyed to one Nelson Hoyt 120 of 160 acres of land that he owned on Suavie's island, and that the said Hoyt accepted the conveyance upon a secret trust for the plaintiff's use.   This trust, the testimony of the plaintiff shows, was to hold it for him until he could raise the money to pay his debts.   Shortly thereafter he directed Hoyt to convey this land to his wife, Elizabeth Taylor, not, however, as the plaintiff claims, until he had fully paid his creditors.   But the only proof of such payment is the declaration of the plaintiff.   Hoyt says that when he conveyed at the plaintiff's request the property to his wife, "the plaintiff said he had paid up his debts."   No receipts or vouchers or other evidence of payment were offered to establish this important fact, nor was any creditor called to show that he had received payment for his debt.   But on the other hand, there was the testimony of one of the creditors, produced by the defense, tending to show that his debt was not paid at the time Hoyt conveyed this property to Elizabeth Taylor.   If that were true, the original transaction was not purged of its fraud,

and Elizabeth Taylor took the property subject to the debts of the plaintiff's creditors. It may be true that the motive that induced the transfer of the property to Hoyt was not fraudulently intended, but it is not questioned that it did not operate to the prejudice of the creditors of the plaintiff, only that when the same property was conveyed by Hoyt to his wife that the debts of his creditors had been paid. The law is plain that a person indebted cannot convey his property to another without consideration, unless some provision is made for the payment of his creditors, without the transaction being regarded as fraudulent.

As between the plaintiff and his creditors, the conveyance from him to Hoyt was void, and as between plaintiff and Hoyt equity would have refused its aid to the plaintiff to reclaim his property from him. And the argument of counsel concedes that if the debts were not paid when Hoyt at his request conveyed the property to his wife, the original transaction was not purged of its fraud and the land went into her hands with that fraud still clinging to it and liable for her husband's debts. Whether a party largely indebted can put his property in the hands of another to put it out of the reach of his creditors, and to hold until he can pay such debts, and then if he is fortu·nate enough to succeed in paying them, claim that the transaction is purged of its fraud, we do not nor is it necessary for us to decide. But for the purposes of this case we may assume the correctness of the argument that the debts were paid when Hoyt conveyed to Mrs. Taylor, and the original transaction was purged of its fraud, so that when she took the deed for it the property stood free from all fraudulent impediments. What then? As the case now stands, Hoyt was merely an intervening trustee for the plaintiff to convey his property to his wife. In effect, the transaction was the same as if the deed had been made directly from the plaintiff to his wife. Here no consideration was paid to Hoyt who conveyed to the wife. The plaintiff conveyed by deed to Hoyt and Hoyt conveyed by

deed to plaintiff's wife. No money or other valuable con-
sideration passed. The plaintiff was not a purchaser nor
Hoyt a seller. It was the plaintiff's conveyance through
Hoyt to his wife. There is no evidence nor is it alleged
or claimed that there was any understanding that Mrs.
Taylor was to hold this property subject to the control of
her husband. The testimony of Hoyt is explicit that
nothing was said at the time of that conveyance except
that the plaintiff requested him to deed the property to his
wife. It is difficult to understand how the equitable prin-
ciple that when land is conveyed to one person and another
pays the consideration, a resulting trust will be presumed
in favor of the one paying the consideration upon such
facts. The trust is based upon the fact of the payment
of the purchase money by the husband for the property;
and as we have already shown, no consideration was paid
to Hoyt who conveyed to the wife nor was the plaintiff a
purchaser nor Hoyt a seller. The plaintiff simply con-
veyed his property through Hoyt to his wife. It was his
conveyance through Hoyt. The equitable principle that
a resulting trust will be presumed in favor of the one pay-
ing the consideration, is not applicable to such facts.
This is not a transaction of that kind. Nor can it apply
for another reason, namely, that the presumption of a
resulting trust in favor of him who supplies the consider-
ation only applies between strangers, and has no applica-
tion where a family relation exists, and there is no moral
or legal obligation for the purchaser to pay the consider-
ation. When the purchaser takes the conveyance in the
name of his wife, for whom he is under a legal obliga-
tion to provide, the rule is reversed in the application,
and between such parties the presumption is that the pay-
ment by the husband was intended as an advancement or
gift.

A man cannot give away his property today and take it
back tomorrow; and if he makes his wife the owner the
same result follows, and he must abide by her ownership.
As we have shown, the authorities to this point speak

without a dissentient voice. It results that the convey-ance of the Sauvie's island property to the wife made her the owner of it, and the plaintiff must abide by that owner-ship. Yet the plaintiff claims that when he and his wife joined in a deed of this property, containing 120 acres, and 40 acres belonging to him, to one Clark, in exchange for the East Portland property, the property in dispute which Clark deeded to his wife, he purchased and paid for the property in dispute, and that at the time of such convey-ance to his wife she agreed to hold it subject to his direction and control, and that in the event she should die before him she was to will it to him, and that in accordance with such agreement just before her death she made a will of it to him, although it was void by reason of an omission to name any of the children in the will. This proceeds upon the theory that the plaintiff paid the consideration money or that it was his property that constituted the consideration for the property in dispute at the time of its conveyance to his wife, when the fact is that the great part of the consideration was composed of her property, and only a small part—40 acres—was composed of his property. Of what value this 40 acres was, there is no evidence, but presumably it is of very little value as it was not regarded of sufficient consequence to be included in the conveyance of Hoyt to protect it against the claims of his creditors, so that the *pro rata* part of the consideration be paid for the property in dispute is not ascertainable. That there is some testimony tending to show that his wife recognized the property in dispute as belonging to him, may be admitted, although there is some other evidence in contra-diction of it. Hoyt says that once when Mrs. Taylor was at his house she remarked that if she died before the plaintiff, she intended to will the property to him; that she wanted him to have it. This referred to the property in dispute, but there is nothing in this inconsistent with her ownership. So, too, McNulty says that in 1879, after she had had the property in dispute about ten years, in a con-versation in which she claimed the property and her

husband disputed it, she afterwards said she was only joking.

It is hardly necessary to consider this in the view we take of the facts. A trust arising by operation of law must arise at the time of the transaction, and cannot be created afterwards. As Chancellor Kent said: "The trust must have been coëval with the deeds, or it cannot exist at all." *Botsford* v. *Burr*, 2 John. Ch. 405. It must result from the original transaction at the time it takes place and cannot be misled and confounded with any subsequent dealings. A trust must have been impressed upon the Sauvie's island property at the time it was conveyed by Hoyt to Mrs. Taylor by operation of law to affect the property in controversy. If no trust was created at that time, but she took the property as her own, that ownership remains until she legally transfers or disposes of it. We have shown that in any view that transaction must be regarded as a conveyance to the wife, conferring upon her the ownership of that property; that no trust attached to it by implication of law at the time Hoyt transferred it to her.

Now as that property—the property belonging to Mrs. Taylor—constituted the main consideration for the property in dispute, and the deed was taken in her name, no trust could result and the property become her own. The whole foundation of a resulting trust is the payment of the purchase money, which must be clearly and satisfactorily established. As this was not paid by the plaintiff, but by his wife, no trust could result to him, and the bill should have been dismissed. This view renders it unnecessary to consider some other aspects of the case or to express any opinion concerning the same.

The bill is dismissed, and it is so ordered.