[Civil No. 363.   Filed January 22, 1894.]

[35 Pac. 1057.]

H. A. OWEN, Plaintiff and Appellant, v. JOHN HOWARD,
et al., Defendants and Appellees.

1. JUDGMENT LIEN—VOID JUDGMENT—POWER TO PERPETUATE LIEN.—A
   court has no power to perpetuate a judgment lien and at the same
   time declare the judgment upon which such lien depends for its
   validity null and void.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Mohave,
Edmund W. Wells, Judge. Modified.

The facts are stated in the opinion.

James H. Wright, for Appellant.

Baldwin & Johnston, for Appellees.

SLOAN, J.—This action was instituted by appellant, H. A.
Owen, in the district court of Mohave County, against the ap-
pellees, John Howard and G. Arthur Allen, to have a certain
pretended judgment entered in the said district court on the

seventeenth day of February, 1879, in the suit of John Howard, plaintiff, against H. A. Owen, R. Eccleston, and M. Gueren, defendants, declared null and void, as well as certain proceedings had under and by virtue of said judgment, to wit, certain sales of mining claims owned by plaintiff, made under an execution issued out of said court under said judgment, and to have defendants restrained from further proceeding to collect said judgment. Upon the trial the court below found for the plaintiff, and entered its judgment as follows: "And the court, having fully considered said proofs and the law pertinent to the issues herein, does order, adjudge, and decree that the judgment rendered on the seventeenth day of February, 1879, and the execution issued thereon on the tenth day of February, 1884, and all subsequent proceedings thereon, be, and the same are hereby, declared null and void, except as to the hereinafter mentioned lien. It is further ordered, adjudged, and decreed that the lien of said judgment be, and the same is hereby, retained and continued upon any and all property affected by said judgment, and that said lien be so retained and continued until the further order of this court," etc. The appellant appeals from this judgment, and asks that so much thereof as attempted to create or perpetuate a lien upon his real estate be vacated and set aside.

The sole question therefore presented to us upon this appeal is the power of the court to perpetuate a judgment lien, and at the same time to declare the judgment upon which such lien depends for its validity null and void. It appears to us that the mere statement of the proposition sufficiently shows that no such power does or can exist in any court. That a judgment may be void, and yet constitute a lien, is a proposition utterly at variance with reason or common sense. If the judgment be void, then no valid lien can exist under it. If the lien be valid, then the judgment cannot be a nullity. A valid lien under and by virtue of a void judgment, in the nature of things, cannot exist. "A void judgment is in legal effect no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it, and all claims flowing out of it are void." Freeman on Executions, sec. 30. "In order that there should be a lien, it is necessary

that there be a valid and subsisting judgment. If the alleged judgment is absolutely void, and a mere nullity, it can, of course, create no lien." Black on Judgments, sec. 407. It is not the case of a judgment merely voidable. The latter has all the force and effect of a valid judgment until vacated or reversed in a direct proceeding to have its invalidity declared. It has accordingly been held that where the vacation of a judgment which is regular upon its face, though voidable, would otherwise operate to the injury of innocent third parties, by depriving them of any possible remedy, a judgment lien created by such judgment would be retained and perpetuated until a valid judgment could be entered. The case cited by appellees in their brief (*Bryant* v. *Williams,* 21 Iowa, 329) is such a case. An unauthorized appearance of an attorney was held good ground for setting aside the judgment, and, inasmuch as there had been delay in bringing the action to have such judgment set aside, the court, in that case, retained and continued the lien of the original judgment for the payment of such judgment as should ultimately be rendered in the case. But that is not this case, as appellees seem to think. The court in the case at bar found in its decree that the judgment was a nullity, and not merely voidable, and no right to any lien could be predicated thereon. So much, therefore, of the judgment of the court below as sought to continue or create any lien of the original judgment entered in the suit of *Howard* v. *Owen et al.* is vacated and set aside.

Baker, C. J., and Rouse, J., concur.

Hawkins, J., not sitting.