[Civ. No. 1292.    Second Appellate District.—March 24, 1913.]

NELLIE J. ELLIOTT, Respondent, v. MERCHANTS BANK & TRUST COMPANY (a Corporation), et al., Appellants.

DEED—DELIVERY—PAROL UNDERSTANDING TO POSTPONE OPERATION UNTIL DEATH OF GRANTOR.—When a deed absolute in form is delivered the title vests in the grantee named therein, and its operation as a transfer of title cannot be defeated by parol proof of an understanding that it should not take effect except in the event of the grantor's death.

Id.—Pleading—Effect of Denial of Delivery.—In an action involving the delivery of a deed, the defendants cannot claim judgment on the plaintiff's allegation of delivery which they have denied.

Id.—Execution of Deed—Meaning of "Executed."—The word "executed," when used with reference to a conveyance, technically comprehends both the signing and the delivery, but the word is frequently used in the narrower and popular sense to express the act of subscribing or signing the instrument.

Id.—Deposit of Deed With Grantee—When not Delivery.—A deed deposited with the grantee for other purposes than delivery does not operate as a conveyance.

Id.—Deposit of Deed in Safe Deposit—Access to Box by Both Parties.—Where a woman, intending that her son shall have certain property in case of her death, delivers a deed thereof to him, with instructions to deposit it in a safe deposit box to which both have access, a delivery is not thereby effected.

Id.—Purchase by Son for Mother—Gift or Resulting Trust.— Where a son purchases property with his own money and causes the title to be made to his mother, the presumption arises, owing to the relationship of the parties, that a gift, rather than a resulting trust, is intended.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. J. P. Wood, Judge.

The facts are stated in the opinion of the court..

E. J. Fleming, and James S. Bennett, for Appellants.

Frank C. Hill, and Geo. S. Hupp, for Respondent.

SHAW, J.—Action to quiet title, the complaint as originally filed being in the usual form.

Plaintiff is the mother of Carl A. Jewell, deceased; defendant Blanche E. Jewell is his widow, the two constituting his sole heirs. Defendant Merchants Bank & Trust Company is the administrator of the estate of deceased and as such, by answer, claimed the right to possession and the rents, issues, and profits of the property in question pending administration. Blanche E. Jewell filed an answer whereby she denied plaintiff's title to the whole of the property and alleged that title thereto was vested in herself and plaintiff as owners thereof in common.

The court gave judgment for plaintiff, from which, and an order denying defendants' motion for a new trial, they appeal.

At the commencement of the trial, plaintiff, by leave of court, filed an amendment to her complaint whereby she alleged that on the twenty-second day of August, 1910, she made and acknowledged a deed to the property, naming Carl A. Jewell grantee therein, and on said day delivered said deed to said Jewell, with the intention that the deed should be recorded and become operative only in the event of said Jewell surviving her, and the same was accepted by him in escrow with the understanding that it should not be recorded or operate as a conveyance of the title to him except in the event of plaintiff's death before that of Jewell; that the deed was not recorded by Jewell, but after his death defendants found the same among his papers and, without plaintiff's knowledge or consent, recorded it; that plaintiff is informed and believes that defendants claim title to the property under said deed. The deed was absolute in form and the delivery thereof to the grantee named therein, as alleged in the amendment, was in escrow subject to the grantee surviving the grantor, in which case it was to operate as a conveyance; otherwise, to be inoperative for such purpose. Section 1056 of the Civil Code, provides: "A grant cannot be delivered to the grantee conditionally. Delivery to him, or to his agent as such, is necessarily absolute, and the instrument takes effect thereupon, discharged of any condition on which the delivery was made." When a deed absolute in form is delivered the title vests in the grantee named therein, and its operation as a transfer of title cannot be defeated by parol proof of an understanding that it should not take effect except in the event of the grantor's death. (*Mowry* v. *Heney,* 86 Cal. 471, [25 Pac. 17].) It thus appears that, if the allegations contained in the amendment had been admitted by defendants, the judgment, so far as their right was based upon this deed, must necessarily have been for appellants. Counsel for defendants, however, promptly denied, by stipulation, all the allegations contained in the amendment, except the death of Carl A. Jewell and thereafter the discovery of the deed among his papers and the filing of the same by defendants for record. Upon the issues

so joined, as well as upon others presented, the court found that the purchase of the property in question was made on August 2, 1910, by the plaintiff; and by finding II the court found:

"That said Nellie J. Elliott and Carl A. Jewell herein mentioned were mother and son; and that said Nellie J. Elliott, then contemplating a prolonged trip through eastern states and about to make said trip, did on the 22nd day of August, 1910, go to the office of Frank C. Hill, a notary public, together with her said son, and did at said office make and execute a grant deed of said premises, naming Carl A. Jewell therein as grantee, and did then and there acknowledge the execution thereof before said Frank C. Hill, notary as aforesaid; and that the said Frank C. Hill thereupon handed said deed to the said Nellie J. Elliott. That at the time of executing said deed the said Nellie J. Elliott stated that she desired to make said deed so that in case of her death her son could have the property without having to take proceedings in the matter of her estate. That thereupon said Nellie J. Elliott together with her son left the office of said Frank C. Hill, the said Nellie J. Elliott still having said deed in her actual possession and intending herself to take said deed and place the same in her safety deposit box, to which Carl A. Jewell had common access at all times, but that said Nellie J. Elliott being desirous of meeting her dressmaker and doing and making other preparations for her trip, handed said deed to said Carl A. Jewell, with the request that he take it for her to said safety deposit box and deposit the same in said box, and that thereupon said Carl A. Jewell took said deed from said Nellie J. Elliott."

The first contention of appellants is that since plaintiff alleged that the deed which she made and acknowledged was by her delivered to Carl A. Jewell, its operation as a conveyance cannot be defeated by the fact that such delivery was understood and intended to be conditional. Appellants, however, are in no position to predicate claim upon an allegation the truth of which they denied. Whether or not the deed was delivered was, by reason of the allegation and denial thereof, a material issue to be determined by the court upon the evidence adduced thereon.

Appellants next insist that by finding II such issue was determined in their favor. This contention is based upon the fact that the court finds that plaintiff did "make and execute a grant deed of said premises, naming Carl A. Jewell therein as grantee." It has been frequently held that the word "executed," when used with reference to a conveyance, technically comprehends not only the signing, but delivery as well; indeed, the code (Code Civ. Proc., sec. 1933), so declares. Accordingly, it has been held that the allegations in a complaint that defendant executed his note in writing, payable to plaintiff, imports a delivery thereof to plaintiff. (*Hook* v. *White*, 36 Cal. 299.) While this is true, the word is frequently used in the narrower and popular sense to express the act of subscribing or signing the instrument. It is clear from the context and a perusal of the finding that the word "executed" was not used by the court in the sense of importing delivery of the deed, but in the restricted sense of subscribing only. "It is true that, in a general sense, 'execution' may be said to include 'delivery'; but it is quite frequently used in the limited sense of signing, and where the law requires it, sealing, stamping, acknowledging, etc. a written instrument so as to make it complete on its face and ready for delivery. And the sense in which it is used can generally be seen from the context." (*Le Mesnager* v. *Hamilton* 101 Cal. 540, [40 Am. St. Rep. 81, 35 Pac. 1057].)

While the finding is inartificially drawn, it clearly appears therefrom that the court found that the deed was never delivered.

So construed, it is claimed that the evidence is insufficient to support the finding. There is no merit in this contention. Not only does the evidence of plaintiff, as to which there is no substantial conflict, show, but it appears from the admissions of deceased, that it was not the intent of the parties that the manual tradition of the deed should constitute a delivery thereof. Plaintiff gave to her son possession of the deed, instructing him to deposit it in her safety deposit box over which she had control; that he also had access thereto is immaterial. Even where a deed is deposited with a grantee for other than delivery, it does not operate as a conveyance. The cases of *Black* v. *Sharkey*, 104 Cal. 279, [37 Pac. 939];

*Drinkwater* v. *Hollar,* 6 Cal. App. 118, [91 Pac. 664]; *Denis* v. *Velati,* 96 Cal. 227, [31 Pac. 1]; *Kenney* v. *Parks,* 137 Cal. 527, [70 Pac. 556], and *Follmer* v. *Rohrer,* 158 Cal. 755, [112 Pac. 544], are all to the point that the facts which the evidence here tended to prove are insufficient to constitute delivery of the instrument.

Defendant Blanche E. Jewell also filed a cross-complaint whereby she alleged that plaintiff and Carl A. Jewell were mother and son; that on August 2, 1910, the latter purchased the property, paying therefor out of his own funds, and caused the title to be vested in plaintiff for his own use and benefit. The evidence conclusively shows that the money with which the purchase was made was the subject of a gift from the son to his mother. Even if this were not true, and the consideration for the property, as alleged, was paid by the son, no presumption of a resulting trust would arise. Indeed, the presumption of law owing to the relationship of the parties is that the property was intended as a gift from the son to his mother. (*Hamilton* v. *Hubbard,* 134 Cal. 603, [65 Pac. 321, 66 Pac. 860]; *Taylor* v. *Miles,* 19 Or. 550, [25 Pac. 143].) No evidence was offered tending in the slightest degree to support this allegation.

The judgment and order are affirmed.

Allen, P. J., and James, J., concurred.