[S. F. No. 11073. In Bank.—April 19, 1926.]

## WILLIAM JOSEPH QUINN, Appellant, v. NELLIE E. REILLY et al., Respondents.

[1] TRUSTS—SECTION 853, CIVIL CODE—CONSTRUCTION.—Section 853 of the Civil Code is but a formal declaration of the doctrine of equity that a resulting trust arises in favor of the purchaser who pays the consideration money and takes the conveyance in the name of a third person, to which rule one exception is that the existence of the relationship of parent and child is a circumstance which *prima facie* establishes the presumption of an advancement and thereby rebuts the presumption of a resulting trust.

---

1. See 25 Cal. Jur. 193; 26 R. C. L. 1218.

[2] ID. — ADVANCEMENT BY PARENT OR CHILD — REBUTTABLE PRE-SUMPTION.—The presumption that an advancement was intended in transactions between parent and child is rebuttable, which an opposing party is entitled to introduce evidence to overcome.

[3] ID.—ACTION TO ESTABLISH RESULTING TRUST—PLEADING.—In an action to establish a resulting trust in property purchased by a parent and alleged to have been conveyed, at his direction, to himself and his daughter, the ultimate fact is the intention of the parent and it is not necessary to specially plead in the complaint any act or agreement of the parties showing that the transaction, as to the daughter, was not in the nature of a gift, advancement, or bounty, as such matters are evidentiary.

---

(1) 39 Cyc., p. 121, n. 20, p. 143, n. 54. (2) 39 Cyc., p. 144, n. 59. (3) 31 Cyc., p. 49, n. 68; 39 Cyc., p. 623, n. 59 New.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

Sawyer & Sawyer for Appellant.

Gillogley, Crofton & Payne for Respondents.

LENNON, J.—This action was commenced by William Joseph Quinn against his sister, Nellie E. Reilly (her husband being joined), to have Nellie E. Reilly declared a trustee holding certain realty and improvements for the benefit of the estate of their father, Patrick P. Quinn.

It appears that in 1921 Patrick P. Quinn purchased certain property, the deed running to himself and his daughter, Nellie E. Reilly.

The lower court sustained a demurrer, without leave to amend, to appellant's amended complaint, and the appeal is from the resulting judgment in respondent's favor.

The allegation to which the demurrer was sustained reads as follows: "Plaintiff is informed and believes and therefore alleges, that at the special instance and request of said

---

2.  Presumption and burden of proof with respect to advancements from parent to child, note, 26 A. L. R. 1126. See, also, 1 Cal. Jur. 481; 1 R. C. L. 668.

3.  See 21 Cal. Jur. 20; 21 R. C. L. 438.

Patrick P. Quinn said deed was made and executed to said Patrick P. Quinn, and said Nellie E. Reilly as grantees therein, and/or having said deed so made and executed said Patrick P. Quinn intended to convey and did have conveyed to said Nellie E. Reilly, the said interest and title in and to said property, thereby conveyed to said Nellie E. Reilly, in trust for and to the use and benefit of said Patrick P. Quinn and his said estate and not otherwise, and that said deed was so made and executed not with any intent or purpose of conveying, nor did it convey, to said Nellie E. Reilly such interest in or title to said property or any part thereof, as a gift, advancement or bounty from said Patrick P. Quinn or otherwise, than in trust as herein alleged, and at all times since the making of said deed, Nellie E. Reilly has held such interest and title in said property in trust as alleged herein and as trustee for said Patrick P. Quinn and his said estate, and not otherwise.''

The contention in support of the appeal is twofold: It is urged that under section 853 of the Civil Code, a resulting trust arose in favor of Patrick P. Quinn, or his estate, out of the 1921 transaction, and that the provisions of section 853 are without exception in their scope. It is also urged that if there is an exception to the provisions of section 853—as in the case where the transaction is between husband and wife or parent and child—this exception operates to raise a presumption that is rebuttable and not conclusive.

[1] Section 853 provides that ''when a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made.''

Section 853 of the Civil Code is but a formal declaration of the old and well-established doctrine of equity that a resulting trust arises in favor of a purchaser who pays the consideration money and takes the conveyance in the name of a third person. There are, however, exceptions, to this doctrine. It is well settled that one exception to the rule is found in transactions between parent and child. (*Russ* v. *Mebius,* 16 Cal. 350; *Hamilton* v. *Hubbard,* 134 Cal. 603 [65 Pac. 321, 66 Pac. 860]; *Elliott* v. *Merchants Bank etc. Co.,* 21 Cal. App. 536–541 [132 Pac. 280].) These transactions are presumed to be in the nature of gifts, advance-

ments or bounties. In short, the existence of the relationship of parent and child is a circumstance which *prima facie* establishes the presumption of an advancement and thereby rebuts the presumption of a resulting trust.

[2] Considering it as a circumstance in evidence, it follows that there must be, of course, evidence admitted on the other side. That is to say, the presumption that an advancement was intended in transactions between parent and child is itself a presumption which is rebuttable. It was so held in *Faylor* v. *Faylor,* 136 Cal. 92, 96 [68 Pac. 482].

The trial court, by sustaining the demurrer to the amended complaint without leave to amend, precluded the appellant from offering any proof which he might have at his command that the intention of his father was not that the conveyance should be a gift, advancement or bounty, but a trust. In short, the order of the lower court sustaining the demurrer operated in effect to make conclusive a presumption which is merely rebuttable.

[3] Respondents, however, contend that if the transaction was not in the nature of a gift, advancement, or bounty, it was not so by reason of some act or agreement of the parties to it, and that those acts or agreements should have been specifically pleaded by the appellant.

With this contention we cannot agree. Ultimate facts only need be pleaded. In the instant case the ultimate fact is the intention of the deceased. Any act or agreement between the parties would be, perhaps, proof of this ultimate fact, but they would not be the ultimate fact itself. In pleading the intention of the deceased the appellant pleaded an ultimate fact which, if it can be established by competent evidence, will rebut the presumption that the 1921 transaction was in the nature of a gift, advancement, or bounty. The appellant was not obliged to embody his proof, whatever it may amount to, in the allegations of his complaint.

Judgment reversed.

Curtis, J., Seawell, J., Richards, J., Shenk, J., Waste, C. J., and Cashin, J., *pro tem.,* concurred.