ROBERTS, Chief Justice.
The appellant was the devisee of a one-fourth interest in certain property under his deceased wife’s will. The will was admit-, ted to probate. Thereafter, appellant -filed this suit in equity to have a trust declared' in his favor as to the entire property, al-' leging in substance that he had supplied all the funds for the purchase thereof, that the title was taken in his wife’s name for convenience only, and that the purchase in his wife’s name was not intended’ as a gift Or advancement to his wife. He did not renounce the devise to him under his wife’s will, prior to suit. Upon the motion of the appellee-defendants, the complaint was dismissed with leave to amend; and upon his failure to do so, a final decree.of dismissal, with prejudice was entered. This appeal is taken from such final decree.
The principal questions here 'presented ifiáy be stated as follows: (-1) Did the appellant state a cause of action for a resulting trust? (2) If so, was the appellant required to renounce the devise to him in his wife’s will as a 'condition precedent to bringing the instant suit?
It is, of course, well settled that where property is purchased by the husband and title taken in the wife’s name, there is no presumption of a resulting trust, “the transfer being ‘regarded prima facie as an advancement’ (26 R.C.L. 1225), but,, of course, subject to rebuttal.” Smith v. Smith, 143 Fla. 159, 196 So. 409, 410. The presumption of law creating a resulting trust where a transfer of property is made to one person and the purchase price is paid by another is replaced by a presumption of-fact-that the transfer was intended as a gift, where the. transferee is a wife, child or other.natural object of- the bounty of the person, by whom,the-purchase price is paid. This presumption of fact is not conclusive and may be rebutted by.proof of .the real intention of -the payor. 4 Pomeroy’s, Equity Jurisprudence, 4th Ed., Sec. 1039; Re-, statement, Trusts, Sec. 443, page 1357, Comment a; Smith v. Smith, supra; Spina v. Spina, 372 Ill. 50, 22 N.E.2d 687; Quinn v. Reilly, 198 Cal. 465, 245 P. 1031.
 In the instant case, the appellant alleged in detail -the circumstances under which the property had been purchased and that the .property was purchased solely from the earnings of the appellant, but that title was taken in the name of his wife for convenience only; 'that the appellant - “never made any gift of said real or personal prop- ■ erty to the said Regina Medary [his wife].’-’1 Only • ultimate facts are required to - be pleaded to establish a resulting trust; and, by the same token, only the ultimate fact of the intention of the appellant not to make a, gift or advancement needed to be alleged. As stated in Quinn v. Reilly, supra, 245 P. 1091, 1092:
“Ultimate facts only need be- pleaded. In the instant case the ultimate fact ‘is the intention of the deceased [the pay- or] . Any act or agreement between the parties would be, perhaps, proof of this ultiriiate fact, but they would not be the ultimate fact itself. In pleading the in *890 tention of the deceased, the appellant pleaded an ultimate fact which, if it can be established by competent evidence, will' rebut the presumption that the 1921 transaction was in the nature of a gift, advancement, or bounty. The appellant was not obliged to embody, his proof, whatever it may amount to, in the allegations of his complaint.”
In our opinion, the appellant’s complaint was not wholly insufficient to state a cause of action for a resulting trust in the property in question.
Nor was the appellant required to renounce the devise to him of a one-fourth interest in this same property in his wife’s will prior to bringing the instant suit. The appellant either owns the entire property, or title to one-fourth of it has vested in him by virtue of his wife’s will. This is a case where “the donee would not receive under the will a benefit to which he would not be entitled except for the will,” in which event, no election is required. 57 Am.Jur., Wills, Sec. 1656, p. 1062; 156 A.L.R. at page 823. A renunciation in such a case would be more of form than of substance, for even if he lost in his suit to establish a resulting trust on the theory that the property is not a part of the wife’s estate and consequently not subject to devise, he would still be entitled to take under the Will. Barnett National Bank v. Murrey, Fla., 49 So.2d 535, 21 A.L.R.2d 1452.
For the reasons stated, it was error to dismiss the appellant’s complaint, and the decree appealed from is reversed and the cause remanded for further proceedings.
TERRELL, THOMAS, SEBRING and MATHEWS, JJ., concur.
DREW AND BARNS, JJ., dissent.