[Civ. No. 16951.   First Dist., Div. One.   Apr. 15, 1957.]

ROSINA CRISCI, as Executrix, etc., Respondent, v. JOSEPH SORCE et al., Appellants.

Michael L. Haun for Appellants.

Julian A. Pardini, Elda Granelli and F. Campagnoli for Respondent.

WOOD (Fred B.), J.—This is a suit by Rosina Crisci, individually and as executrix of the will of Giovanni Crisci, against her son Joseph Sorce and his wife Maria, to quiet title to certain real property. It was tried at the same time as *Sorci* v. *Crisci, No. 16950, ante,* p. 90 [309 P.2d 937] this day decided, but involves a different piece of realty.

(1) *Here, as in that case, the principal question is whether or not the trial court committed an abuse of discretion in refusing a continuance* at the request of Joseph, to enable him to obtain an attorney. The facts concerning this are substantially the same as there,* a history of delays and continuances. We find no abuse of discretion.

(2) *The findings are supported by evidence* that the property was deeded to Rosina and her husband, that Rosina paid for it with her own money, that Joseph gave her no money for its purchase, that she had been in continuous possession and acted as owner, paying taxes and insurance and collecting rents, ever since its purchase.

Joseph and wife argue that Rosina's testimony is incredible and that they were not accorded an opportunity to demonstrate its incredibility. By this they seem to mean that

---

*In this case, Maria, a defendant, obtained 30 days of extensions of time to plead, and then defaulted. Meanwhile, Joseph's time was extended and they jointly filed an answer on August 20, 1954. From that time on, the history of significant delays and continuances was the same as in the other case.

The last name of Maria and Joseph appears as Sorce in the instant case and as Sorci in No. 16950.

some kind of records should have been produced, as the best evidence, instead of permitting Rosina to testify that she paid the purchase price money. We know of no such rule of evidence. Rosina's oral testimony was quite competent.

■ Moreover, Joseph testified that he gave his mother the money to buy that property and not until the filing of this suit (a good many years later) did he make any claim to it. That would furnish a basis for a presumption that he intended the property to be a gift to his mother. (*Elliott* v. *Merchants Bank etc. Co.*, 21 Cal.App. 536, 541 [132 P. 280] ; 25 Cal.Jur. 193, Trusts, § 60.)

■ (3) *Was Joseph denied the right of cross-examination? No.*

When direct examination came to an end the court asked Joseph if he wanted to ask his mother any questions, whereupon the following ensued: "MR. SORCE: Well, proof she paid the money for the house, at the time she bought this property. THE COURT: She has got a deed. She has presented a deed which says the property is hers. MR. SORCE: The husband didn't have anything to do with the original deal. THE COURT: The deed is on file here. MR. SORCE: Well, I know. THE COURT: All right, you can step down. I don't presume he has any questions. You step forward, Mr. Sorce." Thereupon, Joseph was sworn and testified. We do not perceive in that a request for and denial of cross-examination, especially in view of the fact that Rosina later returned to the stand and Joseph cross-examined her to the full extent, apparently, that he desired.

■ *Did the court erroneously refuse a demand of the defendants for production of documentary proof?*

During his cross-examination of Rosina she testified that Joseph gave her no money to buy the property, gave her no money at all. Thereupon he said "I would like to have her bring the records. Her statement isn't true, your Honor, and I would like her to bring the records." The court said: "That is all" and Joseph responded: "Well, she didn't pay for the land, your Honor; I paid for the land . . ."

■ Joseph's counsel would construe this as a request for an order under section 1000 of the Code of Civil Procedure for an inspection and copies or permission to make copies of documents relating to the action and in the possession or control of the opposite party. Such a request should describe the books and records sought. (*McClatchy Newspapers* v. *Superior Court*, 26 Cal.2d 386, 396 [159 P.2d 944].) He is

speaking of a transaction which occurred some twenty-five years ago. Does he refer to records which Rosina kept or the seller of the property kept or that some bank kept? His remark was altogether too indefinite to serve the purpose which his counsel would now have us read into it.

(5) *Were the appellants given a fair trial?*

Under this head appellants' counsel reargues in part the question whether the court abused its discretion when it denied Joseph a continuance, a matter which we have already considered. Some of the remarks to which Joseph's counsel would now take exception pertained to the case of *Sorci* v. *Crisci,* above-mentioned, not to this case. None of the remarks complained of indicate to us anything other than the proper exercise of reasonable control over a judicial proceeding, to keep it within the issues and to keep it moving.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied May 15, 1957, and appellants' petition for a hearing by the Supreme Court was denied June 12, 1957.