118 So.2d 59 (1960)
In re ESTATE of Joseph Edward PELLICER, Deceased.
No. B-173.
District Court of Appeal of Florida. First District.
January 12, 1960.
Rehearing Denied February 9, 1960.
*60 Ossinsky & Krol, Daytona Beach, for appellant.
W.L. Wadsworth, Bunnell, and Coxe & Stephens, St. Augustine, for appellees.
WIGGINTON, Chief Judge.
Appellant filed in the trial court a second amended petition for revocation of the probate of the last will and testament of Joseph Edward Pellicer. To the petition appellee executors filed their motion to dismiss on the grounds hereinafter mentioned. From an order dismissing the second amended petition with prejudice, petitioner has appealed.
The petition contains numerous grounds for revocation, among them being improper execution, lack of testamentary capacity, undue influence and fraud. Although some of the grounds for revocation as alleged in the petition are insufficient as a matter of pleading to state a cause of action, there yet remained sufficient other grounds properly pleaded to justify the relief prayed for and to withstand the attack made by the motion to dismiss. We will not endeavor to segregate those grounds properly pleaded from those improperly pleaded in view of the ultimate disposition which must be made of this appeal.
Attached to the petition and made a part thereof by reference is the will under assault, which, after certain minor specific bequests, devises and bequeaths the residuary estate to two of testator's sons as trustees. The will provides that the trustees shall hold and manage the trust estate for a period of fifteen years from the date of testator's death, at the termination of which the estate shall be distributed per stripes between the testator's nine children, one of whom is the petitioner Claude Pellicer. In support of its grounds for dismissal appellee-executors urged before the trial court, and argues here, that the petition fails to allege that petitioner has renounced, disclaimed or divested himself of the benefits accruing to him under the will which he seeks to have revoked, which failure is fatal to recovery of the relief sought.
It appears to be well settled that a beneficiary under a will who desires to contest that will must first divest himself of any beneficial interest accruing to him thereunder as a condition precedent for bringing his contest.[1] The law presumes the acceptance by the testamentary donee of a beneficial gift made to him under the provisions of a will, which presumption is conclusive where the donee has had an opportunity to elect and has not rejected the gift within a reasonable time. To overcome the legal presumption that a beneficial interest accruing under a will has been accepted by the donee, it is necessary that the petition for revocation allege a valid renunciation of the devise which would be sufficient to clear the title to the involved real estate in the residuary beneficiary before the legatee may be heard to contest the will under which his beneficial interest has been acquired.[2] Failure of the complaint now under consideration to allege facts showing that petitioner has renounced or divested himself of the beneficial interest accruing to him under the trust provisions of the questioned will renders it vulnerable to the motion to dismiss.
In order to avoid the impact of the foregoing principle on appellant's right *61 to the relief sought, he contends that his act in instituting this proceeding in face of the clear prohibition contained in the will constitutes a renunciation and divestiture of the beneficial interest devised to him therein. Item XII of the will provides that "if any person, be he or she an heir, devisee, or legatee under this will, or their successors in interest, or any other person who, if I died intestate would, or may be entitled to any part of my estate, shall either directly or indirectly, singly or in conjunction with other persons, seek to set aside this will, or attack, oppose or seek to set aside the probate of this will, or to impair, invalidate or set aside its provisions, or shall consent to, acquiesce in, or fail to contest such proceedings, then in any or all of the abovementioned cases or events, I hereby give and bequeath to such person or persons the sum of One ($1.00) Dollar and no more, in lieu of any other share of interest in my estate." We cannot agree with appellant that his act in instituting this suit to revoke the probate of the will automatically constitutes a renunciation or divestiture of the interest devised to him under the will. Whether such a forfeiture provision as that quoted above will preclude a beneficiary from receiving a gift bequeathed to him under a will in the event he is unsuccessful in maintaining a suit to contest its validity will depend upon a determination of that issue in a proper proceeding. The rule is that such forfeiture clauses will not be enforced against a legatee who in good faith and upon probable cause files a petition for the purpose of contesting the validity of the will, unless there is a limitation of the estate over to another person.[3] It therefore appears that the question of whether this proceeding has been brought by the appellant in good faith and for probable cause, and whether the will contains a limitation of the estate over to another person, are matters to be initially determined by the trial court in a proceeding brought for the purpose of adjudicating appellant's rights under the will, and are not questions that can be answered by this court on this appeal under the state of the pleadings presently contained in the record.
Additionally appellant seeks refuge in the rule adopted by our Supreme Court in the Medary case[4] in which it is held that where a donee would not receive under a will a benefit to which he would not be entitled except for the will, no election is required. This rule of law, though sound in its concept, has no application to the facts involved in this case. The Medary case was not an action to contest the validity of a will, but was a suit in chancery by a husband seeking to establish a resulting trust in property claimed as assets of his wife's estate in which the husband was a beneficiary. The rule in Medary is inapplicable here for the further reason that the petitioner in this case would receive more except for the will than he will receive as a beneficiary thereunder. If the will is set aside as being invalid the petitioner will be immediately entitled to a one-ninth interest in the estate under the laws of descent and distribution. If the will is upheld, the assets of the estate will be held in trust for a period of fifteen years, and not until the termination of the trust will the petitioner or his heirs be entitled to share in the assets of the estate.
For the foregoing reasons the order appealed from is affirmed.
STURGIS and CARROLL, DONALD K., JJ., concur.

*62 On Rehearing.
PER CURIAM.
Appellant, in his petition for rehearing, contends that this court overlooked in its opinion affirming the trial court's judgment of dismissal, the fact that appellant should be allowed the right to file a further amended petition for revocation, even though the last petition filed by him has been held insufficient. In support of this position appellant directs our attention to the decision of this court in the Richards case[1] wherein we concluded that the advent of modern rules of procedure has brought with it the policy of allowing litigants to amend pleadings freely in order that causes may be tried on their merits. We did not intend that our opinion in the case now on review should be construed as being a departure in any respect from our decision in the Richards case.
In the cited case, the trial court's order denying appellant the right to file an amended petition was reversed. In the case at bar appellant filed an original and two amended petitions for revocation of the probate of the will of Joseph Edward Pellicer. A motion to dismiss each of these petitions was granted by the trial court. In the final judgment of dismissal from which this appeal is taken, it is recited that petitioner not having requested nor applied for leave to further amend his petition, the petition is dismissed on the merits with prejudice. It seems amply clear that appellant neither sought nor was denied the privilege of again amending his petition for revocation before submitting to the final judgment of dismissal, and consequently our opinion of affirmance in no way considered that issue.
Appellant now requests that this court amend its opinion of affirmance to the extent of providing that the judgment of dismissal appealed from is affirmed without prejudice to appellant's right to file a further amended petition for revocation. He asserts that without this savings clause in our opinion, he will be precluded from further contesting the validity of the will in question even though he should now comply with this court's opinion by filing in the estate proceedings a renunciation and divestiture of all beneficial interests accruing to him under the provisions of the will. Appellant's assumption of prejudice in this respect is unfounded. In our opinion we held that although some of the grounds for revocation as alleged in the petition are insufficient as a matter of pleading to state a cause of action, there yet remained sufficient other grounds properly pleaded to justify the relief prayed for and to withstand the attack made by the motion to dismiss. We held, however, that the order dismissing the amended petition was proper for the reason that the petition failed to allege that petitioner had made a valid renunciation and divestiture of the benefits devised to him under the provisions of the will he now seeks to have set aside. Since the insufficiency of the petition resulted solely from a failure to allege a fact entitling petitioner to maintain his action for revocation, and not because some of the grounds affirmatively alleged were insufficient to justify the relief sought, the judgment of dismissal was not on the merits of the cause of action and could not be pleaded as res adjudicata to a subsequent action predicated upon a petition alleging all facts necessary to entitle petitioner to the relief prayed.[2]
The probate act provides that any heir or distributee of an estate occupying the status of appellant in this case may at any time before final discharge of the personal representative, make application by petition to the court in which the probate of any will may have been granted for revocation *63 of such probate.[3] If, therefore, upon the rendition of this court's mandate appellant elects to file in the estate proceedings a proper renunciation and divestiture of all interests accruing to him under the provisions of the will now in question, there is nothing in the proceedings heretofore had and taken which would preclude appellant from instituting and maintaining an action for revocation of the will involved in this case, provided, of course, a proper petition is filed before final discharge of the personal representative.
For the reasons herein stated the petition for rehearing is denied.
WIGGINTON, C.J., and STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] Barnett National Bank of Jacksonvile v. Murrey, Fla. 1950, 49 So.2d 535, 21 A.L.R.2d 1452; Pournelle v. Baxter, 151 Fla. 32, 9 So.2d 162.
[2] Pournelle v. Baxter, see note 1; Redfearn on Wills and Administration of Estates, 3rd Ed., Vol. 1, Sec. 154.
[3] Kolb v. Levy, Fla.App. 1959, 110 So.2d 25; Porter v. Baynard, 158 Fla. 294, 28 So.2d 890, 170 A.L.R. 747; Wells v. Menn, 158 Fla. 228, 28 So.2d 881, 169 A.L.R. 892.
[4] Medary v. Dalman, Fla. 1954, 69 So.2d 888.
[1] Richards v. West, Fla.App. 1959, 110 So.2d 698.
[2] Bricklayers, Masons, Plasterers, etc., Union No. 3 v. Acme Tile & Terrazzo Co., Fla.App. 1959, 112 So.2d 43; Kautzmann v. James, Fla. 1953, 66 So.2d 36.
[3] F.S. Sec. 732.30(1), F.S.A.