WIGGINTON, Chief Judge.
Plaintiff has appealed from a final summary judgment in favor of defendant. The only point on appeal involves the law of res judicata.
The complaint filed in this case seeks damages for personal injuries arising out of a motor vehicle collision. Plaintiff was riding as a passenger in one of the automobiles involved in the collision and operated by defendant Dorothy Labrie. The cause of action against Labrie is brought under the guest statute.[1] To the complaint defendant Labrie filed an answer, the fifth defense of which pleads res judicata on the basis of a similar action previously brought by plaintiff against defendant in the Court of Record of Escambia County. Attached to the answer are copies of an original and amended complaint brought under the guest statute and previously filed in the Court of Record by which plaintiff sought damages for personal injuries arising out of the same automobile collision described in the complaint filed in this cause. In that action the trial court granted defendant’s motions to dismiss both the original and amended complaints on the ground that each failed to state a cause of action as against defendant Labrie. The order dismissing the amended complaint was appealed to this court and affirmed.[2] On the basis of the foregoing disposition of the first suit, the trial court granted defendant’s motion for summary judgment on the defense of res judicata.
There is no dispute but that in the first cause of action sued upon by plaintiff both her original and amended complaint failed to allege sufficient facts to make out a case of liability for gross negligence under the guest statute. It was because of the insufficiency in pleading that both the original and amended complaints were dismissed. The position taken by plaintiff in her complaint filed in this proceeding is in no manner inconsistent with nor contrary to the position taken in her original suit. The complaint in this proceeding contains allegations of fact with respect to the issue of gross negligence which were not present in either of the complaints filed in the first suit. The question presented for our determination is whether the order dismissing the amended complaint for failure to state a cause of action in the first action was an adjudication on the merits, and res judicata as to this subsequent action brought by the same plaintiff against the same defendants based upon the same cause of action alleged in the original suit.
Appellant contends that the trial court’s ruling which sustained the defense of res judicata is in conflict with the settled rule of law as set forth in the decisions of the Supreme Court and the District Courts of Appeal of Florida. On the contrary, ap-pellee contends that the trial court’s ruling accords with the proper interpretation to be placed on Rule 1.35(b), F.R.C.P., 30 F.S.A., and should be sustained.
In the Pellicer case [3] this court held that a final judgment dismissing with prejudice a complaint to revoke a will on the ground that plaintiff had failed to allege an essential fact necessary to entitle him to the relief sought was not an adjudication on the merits of controversy, and would not preclude plaintiff from instituting a new suit on the same cause of action provided the new complaint contained all essential allegations of fact necessary to state ai&ause of action. Our decision in Pellicer was controlled to a large extent by the decision of the Second District Court of Appeal in *824 the Bricklayers, etc., Union case.[4] It was there held that the generally approved rule is to the effect that a judgment for defendant based on failure of the plaintiff to allege facts constituting a cause of action does not preclude the original cause of action from being raised again, even though the plaintiff has failed to take advantage of leave to amend.
An explanation of the principle applicable to the issue with which we are now confronted was made by Mr. Justice Sebring in Kautzmann case.[5] In quoting with approval a New York decision the principle was stated to be that if the judgment of dismissal is predicated upon failure of the complaint to allege certain essential facts, which facts could be supplied b)r an amendment, the judgment does not then constitute an adjudication that the plaintiff does not have a cause of action, but rather because certain essential facts are not alleged, plaintiff has failed to set forth his cau§e of action, and the merits of plaintiff’s cause are not determined. The test was stated to be: does the insufficiency .relate to the facts alleged or to the allegations of fact? If the insufficiency relates to some inherent defect in the case shown by the facts alleged, the judgment of dismissal was held to be on the merits. If, however, the insufficiency relates to the failure of the complaint to allege necessary facts to state a cause of action, the judgment of dismissal was held not to be an adjudication of the merits nor a bar to a subsequent suit on the same cause of action. In Kautzmann the principle was stated to be that a judgment of dismissal based on merely formal or technical defects will not preclude the filing of an amended complaint setting forth a good cause of action, or operate as a bar to a second suit on the same cause of action. Thus, when the plaintiff failed in the first suit simply by reason of an omission of a material allegation of fact, a second suit in which the complaint supplied the additional necessary allegations would be maintainable.
A careful examination of the decisions cited above clearly reveals that Rule 1.35 (b), F.R.C.P., was not considered by the courts in reaching the conclusions expressed therein. Those decisions cannot, therefore, be considered as precedent for the proposition that the trial court’s interpretation and application of the rule in this case was erroneous.
In urging affirmance of the trial court’s-summary judgment in this case appellee relies upon Rule 1.35(b), F.R.C.P.,[6] as construed by the Supreme Court in the Capers [7] and Hinchee cases.[8]
In Capers an order was entered granting defendant’s motion to dismiss a complaint with leave to amend within thirty days. Upon no amendment being filed within the time limited, a final judgment of dismissal with prejudice was entered. In what was apparently obiter dictum the Supreme Court said that the failure of plaintiff to comply *825 with the court’s order granting leave to amend the complaint within the time limited rendered the final judgment of dismissal an adjudication on the merits within the contemplation of Rule 1.35(b), F.R.C.P.
In Hinchee an order was entered allowing plaintiffs the privilege of filing an amended complaint conditioned upon plaintiff's depositing into the registry of the court a stated sum of money which plaintiffs admitted was owed to defendants, and which it was alleged they were ready and willing to pay. Upon plaintiffs’ default in complying with that portion of the order requiring the deposit to be made in the court’s registry, a final judgment of dismissal was entered. The Supreme Court held that plaintiff’s failure to comply with the court’s order with respect to the registry fund deposit constituted the final judgment of dismissal and adjudication on the merits within the purview of the rule.
In the case now before us there is no contention that plaintiff failed to comply with any order of the court entered in the first action filed by her in the Court of Record of Escambia County. It affirmatively appears that in neither the first nor in this suit were the merits of the cause presented by either of the parties. We are therefore not concerned with that provision ■of the rule on which the holding of the Supreme Court in Capers and Hinchee was predicated. Our consideration will be confined to that part of the rule which provides that “Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or improper venue shall operate as an adjudication upon the merits; * * * ”
Present Rule 1.35(b), F.R.C.P., was formerly identified as common law Rule 35 adopted as one of the Florida Rules of Civil Procedure by the Supreme Court and made ■effective on January 1, 1950. This ¡rule is an adaptation of Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. That portion of the rule with which we are now concerned is identical with its counterpart found in the Federal Rule, and federal decisions construing this rule are therefore pertinent to our consideration.
Appellee contends, and the trial court held, that the final judgment of dismissal of the amended complaint in the first suit filed in the Court of Record of Escambia County was an adjudication on the merits of the cause, and res judicata as to the cause of action alleged in the complaint we now review. The order of dismissal in the first suit did not provide that it was without prejudice, and therefore falls within the provisions of Rule 1.35(b), which states that unless the court in its order of dismissal otherwise specifies, any dismissal not provided in the .rule (which would include a dismissal of the complaint for failure to state a cause of action) shall operate as an adjudication upon the merits.
It is readily apparent that appellees’ position finds some support in the decision of our Supreme Court rendered in the Capers case, even though the .ruling there made might be considered as mere obiter dictum. It likewise finds support in decisions rendered by courts in the federal jurisdiction interpreting the comparable provision of Federal Rule 41(b).
In the Curacao Trading Co. case [9] it appears that a complaint filed in a prior action between the same parties was dismissed on motion for failure to state a claim on which relief could be granted, but allowing plaintiff thirty days within which to file an amended complaint. No amendment was served nor filed, and as a result thereof a final judgment of dismissal was entered. The court held that under Federal Rule 41 (b) the judgment of dismissal was an adjudication on the merits, and was res judi-cata as to the subsequent action filed between the same parties on the same claim asserted in the first action.
*826 In the Daley case[10] the defendant moved for a summary judgment on the ground of res judicata. The record revealed that the plaintiff had filed a previous suit against the defendant on the same cause of action sought to be alleged in the subsequent suit. In the first suit an order was entered dismissing the action for failure of the complaint to state a cause of action. Plaintiff made no further attempt to amend his petition but instead appealed from the judgment of dismissal. In sustaining the summary judgment entered in favor of defendant in the second suit, the court held that Federal Rule 41(b) provides that unless otherwise specified, any dismissal not provided for in the rule operates as an adjudication upon the merits. The order of dismissal in the first suit did not specify that the dismissal was without prejudice. It was therefore held that by the terms of Federal Rule 41(b) the former action was dismissed with prejudice, and any subsequent suit on the same cause of action was barred by res judicata.
In the Matthews case[11] the question for decision was whether the trial court erred in granting summary judgment in favor of defendant appellees upon its holding that the cause of action was barred by res judi-cata based upon a prior proceeding between the same parties in a Florida state court. The cause of action asserted in the complaint was the same as that asserted by the plaintiff in the former suit by way of a counterclaim. The counterclaim in the first suit was dismissed for failure to state a cause of action. No appeal was taken from the order of dismissal. The Circuit Court of Appeals held that under Federal Rule 41(b) the order in the first suit dismissing the counterclaim for failure to state a cause of action was a final judgment on the merits. It was held that since the counter-claimant did not avail himself to his right to amend or appeal, that under well settled principles he is estopped to litigate again the matters which were adjudicated by the state court of Florida. The rationale of the holding is that under Federal Rule 41 (b) the order dismissing the counterclaim was an adjudication on the merits, and a bar to the subsequent action.
Based upon the authorities above cited we hold that under Rule 1.35(b), F. R.C.P., a final judgment of dismissal based upon an order granting a motion to dismiss a complaint or counterclaim for failure to state a cause of action is a final adjudication on the merits, and will bar a subsequent suit on the same cause of action between the same parties unless it affirmatively appears from the order of dismissal that it is made without prejudice. The summary judgment appealed from in this case is accordingly affirmed.
Affirmed.
STURGIS, J., and DREW, E. HARRIS, Associate Judge, concur.

. See. 320.59, F.S.A.

. Hammac v. Windham, Fla.App.1959, 108

.In re Pellicer’s Estate, Fla.App.1960, 118 So.2d 59.

. Bricklayers, etc., Union et al. v. Acme Tile & Terrazzo Co., Fla.App.1959, 112 So.2d 43.

. Kautzmann v. James, Fla.1953, 66 So.2d 36.

. '‘Jjhvoluntary Dismissal; Effect Thereof. For failure of the plaintiff to comply with any order of court, a defendant may move for dismissal of any action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff lias shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, shall operate as an adjudication upon the merits; except, however, that nothing stated heroin shall preclude a non-suit from being taken pursuant to any applicable statute.” Buie 1.35(b), F.R.C.P.

. Capers v. Lee, Fla.1956, 91 So.2d 337.

. Hinchee v. Fisher, Fla.1957, 93 So.2d 351.

. Curacao Trading Co. v. William Stake & Co., D.C.S.D.N.Y.1945, 61 F.Supp. 181.

. Daley v. Sears, Roebuck & Co., D.C.N.D.Ohio E.D.1950, 90 F.Supp. 562.

. Matthews v. Wolvin, 5 Cir., 1959, 266 F.2d 722.